## VICTOR CHRIST-JANER *v.* A.F. CONTE AND COMPANY, INC., ET AL.
## (4004)

DUPONT, C. J., BORDEN and DALY, Js.

Argued April 11—decision released July 1, 1986

*William J. O'Hearn, Jr.,* for the appellant (plaintiff).

*Ellery E. Plotkin,* for the appellees (defendants).

BORDEN, J. The plaintiff appeals from the judgment of the trial court rendered in accordance with the report of an attorney trial referee. The issues in this appeal involve the propriety of the trial court's acceptance of the referee's findings regarding the plaintiff's standing to sue and the trial court's denial of the plaintiff's posttrial motion to add parties as plaintiffs. The plaintiff also claims that the trial court erred by rendering judgment for the defendants on his claim to recover on a surety bond. We find no error.

This appeal arises in the following procedural context. On June 5, 1978, the plaintiff, Victor Christ-Janer, who is an architect, filed a two count complaint against the named defendant, A.F. Conte & Company, Inc., and against Anthony F. Conte. Count one alleged that the plaintiff prepared architectural plans for the Cedar Court housing project for the elderly in Norwalk, and that the named defendant agreed to purchase those architectural plans for the sum of $42,000. It further alleged that the named defendant received those plans as consideration for the contract but failed and refused to pay for them in accordance with the agreement. The allegations in the second count pertain to a surety bond which was substituted for a mechanic's lien. This action was brought against the named defendant as principal, and against Anthony F. Conte as surety. Hereinafter, all references to the defendant will refer to the named defendant except where it may be necessary to refer to the defendants in their respective capacities separately.

Upon stipulation of the parties, the case was referred to an attorney trial referee, who conducted a trial. On October 17, 1984, the referee filed a thorough report

consisting of findings of fact and conclusions of law based thereon, with a recommendation for judgment in favor of the defendant. On November 15, 1984, the plaintiff filed objections to the acceptance of the referee's report and a motion to add Christjaner, Inc., a separate corporation, as a party plaintiff. The defendant objected to the motion to add a party and moved for judgment in accordance with the referee's report. The plaintiff filed an objection to the motion for judgment on the ground that his previously filed objection to the acceptance of the referee's report and motion to add a party were then pending. On January 14, 1985, the trial court rendered judgment for the defendant in accordance with the referee's report. The plaintiff subsequently filed a motion to open judgment on the ground that his prior motion to add a party had not been ruled upon. The trial court denied this motion on January 20, 1985. Thereafter, the plaintiff filed an amended motion to add Victor Christ-Janer, Inc., still another corporation, and Christjaner, Inc., as plaintiffs. On February 21, 1985, the trial court filed a supplemental memorandum of decision in which the court addressed the plaintiff's motions to add Christjaner, Inc., and Victor Christ-Janer, Inc., as plaintiffs. The court concluded that "to permit the adding of new plaintiffs after this long and hard fought trial was concluded and a decision rendered and thus necessitate a new trial, would only result in unreasonable delay and would be unfair to the defendants who are not at fault, if any there be, for the ruling concerning lack of standing." Judgment was rendered anew on February 21, 1985.[1] On appeal, the plaintiff claims that the trial court

---

[1] Because the original judgment of the trial court was rendered at a time when objections to the referee's report were pending, this procedure ordinarily would constitute reversible error. See *Walker* v. *Ambulance Service of Manchester, Inc.,* 7 Conn. App. 191, 193, 508 A.2d 446 (1986). Under the facts and circumstances of the present case, however, because the trial

erred by accepting the report of the referee and by denying the posttrial motions to add plaintiffs. We disagree.

We note at the outset that the plaintiff "properly filed an objection to acceptance of the report of the attorney referee, which the court overruled in rendering judgment for the defendant. The plaintiff therefore is entitled to appellate review of the trial court's disposition of his objection." *Midland Ins. Co.* v. *Universal Technology, Inc.,* 199 Conn. 518, 521–22, 508 A.2d 427 (1986). Our review of the plaintiff's claims, however, is hampered somewhat due to the plaintiff's failure to "file with the court a motion to correct setting forth the changes and additions [to the attorney referee's report] desired by him." Practice Book § 438; *Seal Audio, Inc.* v. *Bozak, Inc.,* 199 Conn. 496, 518, 508 A.2d 415 (1986). Nor has the plaintiff filed "a brief statement of the grounds of each correction asked, with suitable references to the testimony. . . . " Practice Book § 438. Finally, we note that the plaintiff has not filed "exceptions to the report seeking corrections by the court in the report or finding." Practice Book § 439. Instead, the plaintiff merely filed with the court, pursuant to Practice Book § 440,[2] an objection to the acceptance of the referee's report in which he asserted that he had standing to sue on this contract because he was the owner of the plans and he was a party to the contract. The trial court rejected the plaintiff's claim that the referee erred by finding that he lacked standing. Under these facts and circumstances, our review is limited to the question of whether the trial

court's ultimate judgment was rendered on February 21, 1985, after the plaintiff's objections and subsequent motions were filed, our decision in *Walker,* does not apply.

[2] The incorrect reference in the plaintiff's objection to Practice Book § 441 is deemed to refer to Practice Book § 440.

court erred by failing to find "that the [attorney referee] has materially erred in his rulings . . . . " Practice Book § 443.

Certain findings of the referee are not in dispute. He found that the plaintiff was a 50 percent shareholder in Victor Christ-Janer, Inc., an entity that the plaintiff characterized as a "sweat equity" company. The idea upon which this entity operated was that Victor Christ-Janer, Inc., would contribute architectural services to certain special projects in cooperation with a construction company such as the defendant. The parties became interested in the Cedar Court housing project, which was then under consideration by the Norwalk housing authority. This project was to be funded by the federal department of housing and urban development. Although the parties never formalized their relationship, they entered into a joint venture at will. Each contributed time and services as "sweat equity" for the purpose of submitting appropriate plans and proposals in order to compete successfully for the award of the Cedar Court project. The project ultimately was awarded to Victor Christ-Janer, Inc., and the defendant.

The referee further found, and the plaintiff does not dispute, that shortly after the project was awarded, the plaintiff began to have second thoughts about the financial viability of the project. Thereafter, the attorneys for Victor Christ-Janer, Inc., and the defendant drew suggested joint venture agreements which the plaintiff refused to sign on behalf of Victor Christ-Janer, Inc. Ultimately, the plaintiff refused to participate further in the venture and the defendant initiated suit in federal court. That litigation terminated upon the parties' stipulation that the defendant would proceed with the project on its own, provided that it could obtain the plans from Victor Christ-Janer, Inc.

The referee further found as follows: On April 4, 1977, the plaintiff executed a letter to the Norwalk housing authority which was admitted into evidence at trial. This letter stated, inter alia, that "[i]n the interests of accomplishing the completion of the Cedar Court project, Victor Christ-Janer, Inc. agrees to release all interest in the . . . project . . . pending the purchase by A.F. Conte & Co., Inc. of the architectural plans for the project from Christjaner, Inc., for the sum of $42,000." The referee found that this letter was on the letterhead of Victor Christ-Janer Architect and was signed by the plaintiff. It was accepted by the defendant on April 7, 1977. As of that date, Victor Christ-Janer, Inc., had contributed $12,000 in "sweat equity" into the architectural part of the project and the defendant had contributed between $5000 and $7000 worth of its services into the project. Subsequently, the defendant obtained the plans from the plaintiff and the defendant retained two other architects who completed the plans in place of the plaintiff. Neither Victor Christ-Janer, Inc., nor Christjaner, Inc., nor the plaintiff were ever paid anything by either defendant for the use of the plans.

On the basis of these findings, the referee concluded that the plaintiff lacked standing to prosecute his claim. In this regard, the referee found that the relationship of the defendant corporation was with Victor Christ-Janer, Inc., and not with the plaintiff. In addition, the referee concluded that if there was a third party beneficiary to the agreement between Victor Christ-Janer, Inc., and the defendant, it was Christjaner, Inc., and not the plaintiff. The plaintiff disputed only the latter findings and conclusions in his objection to the trial court's acceptance of the referee's report. He essentially reiterates that objection in this appeal on the same grounds which he set forth in his objection, namely, that he has standing to bring this action because he is the

owner of the plans and because he, not Victor Christ-Janer, Inc., was the party to the agreement upon which the action was brought. These claims lack merit.

The undisputed facts reveal that it was Victor Christ-Janer, Inc., which contributed the plans, otherwise known as "sweat equity," to the venture with the defendant. It was Victor Christ-Janer, Inc., which was awarded the elderly housing project with the defendant. It was the attorneys for Victor Christ-Janer, Inc., who later drew up the proposed joint venture agreement, and Victor Christ-Janer, Inc., agreed to release its interest in the project pending purchase of the plans from Christjaner, Inc. Indeed, the undisputed evidence was that when Victor Christ-Janer, Inc., agreed to release its interest in the project, Victor Christ-Janer, Inc., and not the plaintiff, had contributed $12,000 of its services into the project. Although the plaintiff now claims that the evidence presented to the referee does not support the subordinate facts found by the referee, this argument presumably was rejected by the trial court. See *Blessings Corporation* v. *Carolton Chronic & Convalescent Hospital, Inc.*, 7 Conn. App. 364, 366–67, 508 A.2d 829 (1986).[3]

Nor is there any material error in the referee's conclusion, based on these subordinate facts, that the plaintiff lacked standing. " 'Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable

---

[3] We reject the plaintiff's argument that as the owner of the plans he was the proper party to bring this action. There is no basis in this record for this court to review factual findings regarding ownership of the plans. The proper avenue by which to preserve this claim for review under these circumstances would have been to file a motion to correct this finding; Practice Book § 438; and an exception to the report "with . . . a transcript of the evidence taken before the [referee] . . . ." Practice Book § 439. The plaintiff did not do so.

right, title or interest in the subject matter of the controversy.' " *Ardmare Construction Co.* v. *Freedman,* 191 Conn. 497, 501, 467 A.2d 674 (1983). Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. See *Housing Authority* v. *Local 1161,* 1 Conn. App. 154, 157, 468 A.2d 1251, cert. denied, 192 Conn. 802, 471 A.2d 244 (1984). In this case, because the evidence supports the finding that someone other than the plaintiff is the proper party to the contract sued upon, the conclusion of the referee that such a plaintiff lacks standing, and the trial court's adoption of that conclusion, will not be disturbed on appeal absent clear error. Practice Book § 443; see *Second Exeter Corporation* v. *Epstein,* 5 Conn. App. 427, 429–30, 499 A.2d 429 (1985). We find no such error on the basis of this record.

We reach a similar conclusion regarding the trial court's denial of the plaintiff's posttrial motion to add Christjaner, Inc., and Victor Christ-Janer, Inc., as parties. "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." *Lettieri* v. *American Savings Bank,* 182 Conn. 1, 13, 437 A.2d 822 (1980). We find that the trial court was well within those discretionary bounds to deny the plaintiff's motion to add parties in this case.

The record reveals that prior to the calling of the first witness in the proceedings before the referee, the defendant made reference to the issue of the plaintiff's right to pursue a claim on this contract. Similarly, the issue of who the proper plaintiff in this action should be was raised at two other points in the course of those proceedings. The plaintiff's motion, however, was filed after the conclusion of all of the proceedings before the referee. Therefore, "[a]s the architect of his own predicament"; *Fox* v. *First Bank,* 198 Conn. 34, 40–41 n.3, 501 A.2d 747 (1985); the plaintiff cannot now com-

plain that he was unaware of this defect or that the commencement of this action in the name of the wrong party was due to inadvertence or mistake. See Practice Book § 101.

As the trial court noted, the addition of parties at such a late stage in the proceedings would have caused unreasonable delay. "We presume that the legislature created the office of attorney referee as an alternative method of dispute resolution in order to alleviate court congestion." *Seal Audio, Inc.* v. *Bozak, Inc.,* supra, 505. In this case, the trial court's denial of the plaintiff's motion to add parties after the conclusion of proceedings before the referee was consistent with this "salutary purpose." Id. To conclude otherwise would be to relegate the referee in this case to the role of a mere advisor to the plaintiff at the expense of his opponents.

Our conclusion regarding the plaintiff's lack of standing to bring the action on the contract also disposes of the plaintiff's claim that the trial court erred by adopting the referee's recommendation for judgment in favor of the defendant in the action on the surety bond. The plaintiff filed a mechanic's lien against the property of the defendant, and a surety bond was substituted for that lien. The referee found that the plaintiff failed to prove that he had worked upon the project within sixty days next prior to the prosecution of the mechanic's lien. The trial court adopted this finding, over the plaintiff's objection, and rendered judgment in favor of the defendants. We affirm the trial court's decision.

In order for a lien to be valid it must be recorded by "the person performing the services or furnishing the materials . . . . " General Statutes § 49-34. In this case, that person was Victor Christ-Janer, Inc., not the plaintiff. Thus, because the party who possessed an interest in the subject matter of the lien was Victor

Christ-Janer, Inc., and not the plaintiff; *Ardmare Construction Co.* v. *Freedman,* supra; we conclude that he lacked standing to prosecute the claim on the bond which derived from material and services provided by Victor Christ-Janer, Inc. We therefore affirm the trial court's judgment in favor of the defendants on the alternate ground that the plaintiff lacked standing to prosecute the claim. See *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978).

There is no error.

In this opinion the other judges concurred.