[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, New Hampshire Insurance Company, moves to dismiss the complaint on the grounds that the Court lacks subject matter jurisdiction in that:
1. Not all persons having an interest in the subject matter of the action have been made parties, as required by CT Page 4259 Conn. Practice Book Sec. 390(d) and
2. The plaintiff lacks standing to enforce the provisions of the umbrella policies as he is not a named insured under said policies.
On June 13, 1990, the plaintiff, Warren J. Gottier, filed suit against New Hampshire Insurance Company claiming that the defendant failed to properly discharge its obligations under certain insurance policies it issued to the plaintiff, failed to defend or indemnify the plaintiff on claims made by third parties, engaged in improper settlement practices by refusing to issue a coverage opinion, failed to provide authorization for settlement, and misrepresented policy limits. The plaintiff seeks a declaratory judgment and monetary damages in a seven count complaint alleging common law bad faith, negligence, breach of contract, CUIPA and CUTPA violations and common law fraud.
The policies at issue include three "broad form" policies providing comprehensive general liability and property coverage and three umbrella policies. Warren J. Gottier Plumbing and Heating, Inc., Warren J. Gottier and Carol Gottier, the plaintiff's wife, are the named insureds on the comprehensive general liability policies. "Warren J. Gottier Plumbing and Heating" is the named insured on the umbrella policies; however, the box marked "Individual" next to the name of the insured on the declarations page is checked.
A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court. Conn. Practice Book Sec. 142; Zizka v. Water Pollution Control Authority,195 Conn. 682, 687 (1985). Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera, 207 Conn. 420, 427 (1988). "Whenever the absence of (subject matter) jurisdiction is brought to the notice of the court. . ., cognizance of it must be taken and the matter passed upon before it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 297 (1982). Every presumption favors the jurisdiction of a court. Monroe v. Monroe, 177 Conn. 173,177, appeal dismissed, 444 U.S. 801, 100 S.Ct. 20,62 L.Ed.2d 14 (1979).
I. NON-JOINDER OF NECESSARY PARTIES
The defendant argues that the Court lacks subject matter CT Page 4260 jurisdiction over the entire complaint because Carol Gottier and Warren J. Gottier Plumbing and Heating, Inc., named insureds on the policies at issue, have an interest in the subject matter of the litigation but have not been made parties as required by Conn. Practice Book Sec. 390(d). The defendant further argues that the Court lacks jurisdiction over all claims regarding the umbrella policies described in the complaint because those policies name Warren J. Gottier Plumbing and Heating as the insured and the plaintiff lacks standing to enforce any rights under those umbrella policies. The defendant contends that since jurisdiction has been called into question, the Court must decide that issue first and cannot consider the plaintiffs subsequently filed motion to cite in Carol Gottier and Warren J. Gottier Heating and Plumbing and Heating, Inc. as parties at this juncture. The defendant also claims that since all of the plaintiffs' claims for damages are ancillary to the declaratory judgment action, they must also fail if the court lacks jurisdiction over the declaratory judgment action.
The plaintiff contends that while failure to comply with Conn. Practice Book Sec. 390(d) deprives a court of jurisdiction, his "Motion to Cite in New Parties" made pursuant to Conn. Practice Book Sec. 103 satisfies the requirements of Section 390(d) and renders the defendant's motion to dismiss moot. The plaintiff further contends that the affidavit of Carol Gottier, the plaintiff's wife and secretary of Warren J. Gottier Plumbing and Heating, Inc., attached to his memorandum of law in opposition to the defendant's motion, acknowledges that Carol Gottier and Warren J. Gottier Plumbing and Heating, Inc. have notice of the litigation, thereby satisfying the requirement of Conn. Practice Book Sec. 390(d) that persons interested in the subject matter of the litigation have "reasonable notice thereof." The plaintiff argues that his other claims would stand independent of any claim for a declaratory judgment and therefore those claims would not fail even if the court finds that the requirements of Section 390(d) were not satisfied.
Conn. Practice Book Sec. 390 provides, "[t]he court will not render declaratory judgments upon the complaint of any person. . .(d) unless all persons having an interest in the subject matter of the complaint are parties to the action or have reasonable notice thereof." Failure to observe this requirement deprives the court of jurisdiction. Pinnix v. LaMorte, 182 Conn. 342, 343 (1980). "[N]o court will proceed to the adjudication of a matter involving conflicting rights and interests, until all persons directly concerned in the event have been actually or constructively notified of the pendency of the proceeding, and given reasonable opportunity CT Page 4261 to appear and be heard." Benz v. Walker, 154 Conn. 74, 77
(1966). "The simple requirement of the rule, with its provision for notice, is not as onerous as those imposed in most other jurisdictions, a majority of which require that all persons who have or claim an interest in the subject matter of an action for a declaratory judgment or who may be affected by the result must actually be joined as necessary parties." Benz, 154 Conn. at 78. "Where. . . [persons having a direct interest in the subject matter of the action] are reasonably within the reach of process and are not so numerous that it would impose an unreasonable burden on the plaintiff they should be made parties; but if they or some them are not reasonably available for service or to summon them or all of them into the action would put upon the plaintiff a burden he ought not fairly to be asked to assume, the provision for reasonable notice applies." Benz,154 Conn. at 78; see Tucker v. Maher, 192 Conn. 460, 470 (1984).
Conn. Practice Book Sec. 99 provides, in part, "[t]he court may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the court may direct that they be brought in." See also, Conn. Gen. Stat. Sec.52-107.
Conn. Practice Book Sec. 100 provides:
 Except as provided in Secs. 157 and 198 no action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it deems the interests of justice require.
See also Conn. Gen. Stat. Sec. 52-108.
Conn. Practice Book Sec. 101 provides:
 When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff.
See also Conn. Gen. Stat. Sec. 52-109.
Conn. Practice Book Sec. 198 provides, in part, "[a]s CT Page 4262 set forth in Sec. 152, the exclusive remedy for nonjoinder is by motion to strike."
In light of these other Practice Book provisions allowing the addition of parties "at any stage of the cause" or at the court's direction, a reasonable interpretation of Conn. Practice Book Sec. 390(d) would be that failure to comply with its requirements deprives the court of jurisdiction if the interested persons have not been joined or notified as of the time the court is ready to render the declaratory judgment. "Render judgment" is defined as follows:
 To pronounce, state, declare, or announce the judgment of the court in a given case or on a given state of facts; not used with reference to judgments by confession, and not synonymous with `entering', `docketing', or `recording' the judgment. Judgment is `rendered' when decision is officially announced, either orally in open court or by memorandum filed with clerk. Comet Aluminum Co. v. Dibrell, Tex., 450 S.W.2d 56, 58.
Black's Law Dictionary, 1165 (5th ed. 1979).
Conn. Practice Book Sec. 390(d), read in conjunction with Conn. Practice Book Sec. 99, 100, 101 and 198, deprives the court of jurisdiction to "render declaratory judgments upon complaint . . . of any person" and a party or the court may remedy any failure to join or notify interested persons pursuant to Sections 99, 100 or 101 up to the time that the court renders the decision or at least up to a time where the addition of new parties may substantially delay the action or prejudice any opposing parties. Accordingly, the motion to dismiss at this point in the proceedings based on Conn. Practice Book Sec. 390(d) is premature. At this stage of the proceedings, the defendant should have instead moved to strike the complaint for nonjoinder of parties.
The Ruling of the Connecticut Supreme Court in United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,386-87 (1969); supports the contention that the court lacks authority to render a declaratory judgment in the absence of interested persons, but the court does not lack the power to cite in parties where such action would not cause undue delay. In United Oil Co., the trial court denied a motion by the plaintiffs to cite in the Stamford parking authority as a defendant and denied the plaintiffs' application for an order of notice to the United States department of housing and urban development and the Connecticut commissioner of CT Page 4263 community affairs. United Oil Co., 158 Conn. at 386. The plaintiffs had filed the complaint on April 25, 1968 and the answers were filed in July, 1968. Id. The plaintiffs' motions to cite in the parking authority and to amend the complaint and application for order of notice were filed on August 20, 1968 and the trial court denied them all, in part because "[e]ntry of new parties at this time would result in additional substantial delays." United Oil Co.,158 Conn. at 386-87. The Connecticut Supreme Court held:
 Under the circumstances of the present case at the time the motion and the application were presented to the court, we find no merit in the court's reasons for denying them. It is true that both the state and federal governments enjoy immunity from suit without their consent, and on the present record we are unable to determine whether they are necessary parties to the present action. But each of them, as well as the parking authority, clearly has `an interest in the subject matter of the complaint.' Practice Book Sec. 309(d) [Now Sec. 390(d)]. To grant the requested relief would not unduly delay the trial of an important and complicated action, and to deny the application would clearly require the dismissal of the action for lack of jurisdiction. Although the rulings were discretionary ones, we are constrained to hold that under the circumstances they were erroneous.
At this early stage in the present case, to cite in additional parties would not cause any undue delay.
It is further noted that all but one of the cases cited by the defendant were ordered dismissed by an appellate court after the trial court had rendered a declaratory judgment without the presence of interested persons as parties or without notice to interested persons. The defendant cites only one superior court case where the court has dismissed the action for lack of jurisdiction pursuant to Conn. Practice Book Sec. 390(d) at such an early stage of the proceedings when additional parties may be easily added pursuant to Conn. Practice Book Sections 99, 100 and 101 without substantially delaying the action. In Beck v. Insurance Commissioner, 1 CSCR 615, 616 (August 11, 1986, Susco, J.), the court dismissed a declaratory judgment action based upon lack of notice under Conn. Practice Book Sec. 390 where the action was filed in November, 1985 and the motion to dismiss was filed in April, 1986 and heard on short calendar in July, 1986. The decision in Beck, however, made no mention of Conn. Practice Book Sections 99, 100 and 101 CT Page 4264 and the relationship of those provisions to Section 390(d) in declaratory judgment actions.
II. REASONABLE NOTICE
Although the defendant argues that Carol Gottier and Warren J. Gottier Plumbing and Heating, Inc. must be made parties in order to comply with Conn. Practice Book Sec. 390(d), notice to those parties of the action is all that is necessary to comply with Section 390(d). The defendant argues that where additional parties are not numerous, they must be joined. However, the Connecticut Supreme Court in Benz and Tucker and other cases dealing with this issue merely state that "[w]here . . . [interested persons] are reasonably within the reach of process and are not so numerous that it would impose an unreasonable burden on the plaintiff they should be made parties." Benz,154 Conn. at 78; see Tucker, 192 Conn. at 470 (emphasis added). While the Connecticut Supreme Court has indicated that under certain circumstances interested persons should be made parties, at no time has the court directed that they must be made parties. The Court concludes that the language of Conn. Practice Book Sec. 390(d) does not require interested persons to be made parties under all circumstances; it requires only that interested persons be parties or be given reasonable notice of the action.
The plaintiff has submitted the affidavit of Carol Gottier which states that both she and Warren J. Gottier Planning and meeting, Inc. are aware of the action. The Court further finds that the interested persons in this action have "reasonable notice" pursuant to Conn. Practice Book Sec. 390(d). Accordingly, the defendant's motion to dismiss is denied on this ground.
III. Standing
The defendant argues that since the named insured on the umbrella policies is "Warren J. Gottier Plumbing and Heating", the plaintiff lacks standing to enforce any rights under those policies. The defendant claims that "[t]he Connecticut Appellate Court has held that an individual may not sue to enforce a contract running in favor of a corporation, even where that individual is a 50% shareholder of the corporation. Christ-Janer v. A.F. Conte and Co.,8 Conn. App. 83 . . . [1986]."
In Christ-Janer, an attorney trial referee concluded that the plaintiff lacked standing to prosecute his claim because the relationship of the defendant corporation was CT Page 4265 with Victor Christ-Janer, Inc. and not with the plaintiff. Christ-Janer, 8 Conn. App. at 88. The court found that since "the evidence supports the finding that someone other than the plaintiff is the proper party to the contract sued upon, the conclusion of the referee that such a plaintiff lacks standing, and the trial court's adoption of that conclusion will not be disturbed on appeal absent clear error." Christ-Janer, 8 Conn. App. at 90.
The court in Christ-Janer also found that the trial court did not err in denying the plaintiff's motion to add parties which was filed after the conclusion of all the proceedings before the referee. Id. The court noted that, "[t]he decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. Lettieri v. American Savings Bank, 182 Conn. 1, 13, 437 A.2d 822 (1980)," and that "the trial court was well within those discretionary bounds to deny the plaintiff's motion to add parties in this case." Id. The court stated, "[a]s the trial court noted, the addition of parties at such a late stage in the proceedings would have caused unreasonable delay." Christ-Janer, 8 Conn. App. at 91.
While the appellate court in Christ-Janer held that the plaintiff lacked standing and that the trial court did not err in denying the plaintiff's motion to add parties because it was untimely, the court did not determine that a motion to add parties would be improper in such a situation if it was timely filed. The fact that the court discusses the timeliness of the motion and the discretion of the court in denying the motion implies that such a motion is proper to correct the problem of the standing of an improper plaintiff, and that a court may grant such a motion if it is brought at a time when the granting would not result in unreasonable delay. While standing goes to the jurisdiction of the court, Concerned Citizens of Sterling v. Sterling, 204 Conn. 551,555 (1987), Conn. Practice Book Sec. 99, 100 and 101 provide remedies for situations where a plaintiff has failed to join a party or where the wrong plaintiff has commenced the action by mistake.
In this case, the defendant has not demonstrated that the plaintiff lacks standing to enforce rights under the umbrella policies. The copies of the declarations pages of the umbrella policies name "Warren J. Gottier Plumbing and Heating" as the insured; however, the "Inc." in the company's name is missing and the box marked "Individual" next to the insured's name is checked. Given the conflicting information on the declarations pages, it is not unreasonable for the CT Page 4266 plaintiff to think he was correct in bringing the action solely in his own name. Since every presumption favors the jurisdiction of the court, Monroe, 177 Conn. at 177, and the box marked "Individual" was checked on the declarations page, the court does find that the plaintiff has standing to assert claims related to the umbrella policies. In the alternative, if the wrong plaintiff commenced the action by mistake, that may be remedied by citing in Warren J. Gottier Plumbing and Heating, Inc. as a party to the action pursuant to Conn. Practice Book Sec. 101. Accordingly, the defendant's motion to dismiss the claims related to the umbrella policies is denied.
The motion to dismiss is denied.
Klaczak, J.