[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Does the plaintiff have standing to bring the present action?
FACTS
The plaintiffs, Essex Leasing, Inc., instituted this action against the defendant on May 30, 1991, seeking to recover payments allegedly due and owing under a motor vehicle lease and purchase option. The plaintiff has attached copies of the agreement to its complaint. CT Page 3291
On September 30, 1991, the defendant moved to dismiss the plaintiff's complaint for lack of subject matter jurisdiction on the ground that the plaintiff lacks standing. The plaintiff filed a supporting memorandum of law and the defendant has filed a memorandum in opposition.
DISCUSSION
Conn. Practice Book Sec. 143 provides in part that the "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, . . . ." "`Jurisdiction of the subject mater is the power (of the court) to hear and determine cases of the general class to which the proceedings in question belong.'" Henry F. Rabb, Connecticut, Inc. v. J.F. Fischer Co., 183 Conn. 108, 111-12
81981) (citation omitted). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the case." Christ-Janer v. A. F. Conte Co., 8 Conn. App. 83, 90 (1986).
 "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of Substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of a direct injury he has suffered or is likely to suffer, in an individual or representative capacity."
Board of Pardons v. Freedom of Information Commission,210 Conn. 646, 648-49 (1989) (citations omitted).
In the present case, the defendant argues in her memorandum of law that the plaintiff lacks standing because, "the lease reveals on its face that the contract was assigned to Burritt Interfinancial Bancorp. Inasmuch as the plaintiff has assigned its interests, it lacks standing to assert its claim." CT Page 3292
In opposition to the defendant's motion to dismiss the plaintiff has filed a copy of the assignment between itself and Burritt Interfinancial, which provides in part, "Until such time as the Assignee shall direct the Leasee as aforesaid, the Assignor shall have the right to collect, but not more than thirty (30) days prior to the due date thereof, all rents payable pursuant to the lease and also to collect all other amounts payable pursuant to the lease and to retain, use and enjoy the same." See exhibit C, Collateral Assignment of Lease Rentals.
Pursuant to the assignment between the plaintiff and Burritt, the plaintiff has standing to pursue the present action against the defendant. The defendant's argument that the court lacks subject matter jurisdiction is without merit.
The defendant's motion to dismiss is denied.
AUSTIN, JUDGE