[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMO IN RE: MOTION TO DISMISS #103 ADMINISTRATIVE APPEAL
The case before the court is an administrative appeal from the action taken by the Department of Income Maintenance (hereinafter DIM) with respect to Michael Buono. Mr. Buono was found incompetent to handle his own affairs, and as a result, the probate court appointed John Milici to act as Buono's conservator. Upon the denial of U.S. Code Title 19 medical assistance benefits to Buono, Milici requested a fair hearing. The hearing was held on January 15, 1992. At the hearing, Milici made it clear that he was no longer Buono's conservator because Mr. Buono had died the previous day. Although aware of Milici's change in status, the hearing officer allowed him to represent Buono at the fair hearing. In the hearing officer's decision of March 10, 1993, wherein he affirmed the denial of medical benefits, he notified Milici of his right to appeal the decision within 45 days.
On April 13, 1992, the probate court was petitioned to appoint an administrator for the estate of Michael Buono because the executor proposed in Buono's will declined the position. The probate court appointed Sharon Donovan as administratrix on May 5, 1992.
The 45 day period within which to appeal the decision of the hearing officer lasted until April 24, 1992. Since no person who was an executor or administrator of Michael Buono's estate yet existed, Milici, as conservator, brought the appeal to the superior court on April 22, 1992.
The motion being considered today is the appellee DIM's motion to dismiss filed on June 18, 1992. DIM claims that Milici lacks standing to bring the present action. In its memorandum in support of its motion to dismiss, DIM claims that this appeal is subject to the Connecticut Survival of Actions Statute (General Statutes CT Page 542 552-599). DIM claims that since only executors and administrators may bring an action under this statute, Milici, as conservator, lacks standing. Further, DIM alleges that General Statutes 45a-660
states that this court is without subject matter jurisdiction and should dismiss the appeal.
In appellant's memorandum in opposition to the motion to dismiss, appellant claims that since Milici was the conservator for the estate as well as for Buono personally, he had a fiduciary obligation to protect the estate assets. Because Buono's only substantial asset was his alleged right to Title 19 benefits, appellant claims that Milici had standing to bring the appeal as a fiduciary. Appellant further claims that DIM is estopped from asserting a lack of standing because the hearing officer, aware of Buono's death, allowed Milici to represent Buono at the fair hearing and gave Milici 45 days to appeal the denial of the benefits. lastly, appellant claims that the proposed amendments to the appeal writ and petition cure any effect that may have existed. Appellant cites to Practice Book 175 and General Statutes 52-72
for support. The appellant requests this court to deny the motion to dismiss and to grant the motions to amend the appeal and to substitute parties.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the [non-movant] cannot as a matter of law and fact state a cause of action that should be heard by the court." Gurliacci v. Mayer, 218 Conn. 531, 544590 A.2d 914 (1991). "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v. Blake, 186 Conn. 295,297, 441 A.2d 193 (1982). "[I]f the face of the record indicates that the court is without jurisdiction, the [appeal] must be dismissed." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983).
"In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged." Robinson v. ITT Continental Baking Co., 2 Conn. App. 308,310-311, 478 A.2d 365 (1984). "[However,] the claim of an absence of subject matter jurisdiction cannot be waived and must be considered." Civil Service Commission v. Pekrul, 41 Conn. Sup. 302,306, 571 A.2d 715 (1990), Barnett, J.). "Where a party is found to lack standing, the court is consequently without subject CT Page 543 matter jurisdiction to determine the cause [of action]." Christ-Janer v. A. F. Conte Co., 8 Conn. App. 83, 90, 511 A.2d 1017
(1986).
"The fundamental aspect of standing . . . [is that] it focuses on that party seeking to get his complaint before [the] court and not on the issues he wishes to have adjudicated." (Citations omitted.) Planning Zoning Board v. Gaal, 9 Conn. App. 538, 543,520 A.2d 246, cert. denied, 203 Conn. 803 (1987). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justifiable . . ." (Citations omitted.) Id. "At common law all causes of action by or against a person terminated and abated upon such person's death. Survival of causes of action arise only through the medium of so called `survival statutes'." (Citations omitted.) Hayes v. Smith,194 Conn. 52, 61, 480 A.2d 425 (1984). Connecticut's survival statute states the following:
 (a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor or against the executor or administrator of the deceased person.
 (b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. . . .
(Emphasis added.) General Statutes 52-599. "A cardinal rule of statutory construction is to construe statutes in a manner which gives effect to the apparent intention of the legislature." (Citations omitted.) Hayes v. Smith, supra, 57. "It has often been said that the legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say." (Citations omitted.) Id., 57-58. "[I]n the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated. . . ." (Citations omitted.) Id., 58. As noted above, it is found that survival of actions was not recognized at common law. "[T]he operation of a statute in derogation of the common law is to be limited to matters clearly brought within its scope. The court is to go no faster and no further that the legislature has gone. . . ." (Citations omitted.) Edmundson v. Rivera, 169 Conn. 630, 633, 363 A.2d 1031 (1975). CT Page 544
It is the opinion of the court that since no common law right exists to keep a cause of action alive beyond one's death, an attempt to do so must satisfy the right granted by the legislature. It is found that because Buono is deceased, the action before the court today necessarily relies on 52-599 and that according to its express terms, only an executor or administrator may act pursuant to Connecticut's survival statute. Thus, Mr. Milici had no standing to bring the appeal of April 22, 1992. The fact that they may have had a fiduciary duty to Buono's estate is not sufficient to confer standing upon him under the statute. Further, the claim that DIM should be estopped from asserting Milici's lack of standing is without merit since the hearing officer's actions could not confer standing Milici. Standing is not something that can be conferred by the parties; it goes to the court's subject matter jurisdiction. Housing Authority v. Local 1161, 1 Conn. App. 154,157, 468 A.2d 1251, cert. denied, 192 Conn. 802 (1984). Standing to bring an action under 52-599 must be strictly construed. It is found by the court that based on the foregoing, Mr. Milici had no standing to bring the present appeal.
Practice Book 175 and General Statutes 52-72 cannot be used to cure the standing deficiency in the case at bar. This is not a situation where, for example, one has typed the wrong apartment number on a writ. It is found that the appellant is asking the court to use these remedial measures not to clear up a defect in process but instead to create a valid appeal where none rightly existed. That this is something this court cannot do, since the court, in applying the remedial measures requested would be acting without subject matter jurisdiction, e.g. "plaintiff lacking standing." It is found that, if the motion to dismiss is denied here, the court would be opening the door for people who lack standing to bring causes of action in order to preserve such causes until a proper party could be substituted.
In the case at bar, the party sought to be substituted, Ms. Donovan, did not hold the position of administratrix until after the time that appeal from the fair hearing could be taken. Thus, like Mr. Milici, she did not have the legal capacity to bring the appeal on behalf of Mr. Buono within the prescribed time.
Based on the foregoing, the appellee's motion to dismiss is granted.
RYAN, J. CT Page 545