[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Peter Luria for plaintiff.
Weber Marshall for defendant.
I. Factual and Procedural Background
On April 5, 1994, one of the individually named defendants, Ronald Jarvis, filed a Motion to Strike all counts of the plaintiff's original complaint, dated March 16, 1993. That motion claimed that all counts of the plaintiff's original complaint should be stricken as plaintiff had brought his original complaint in a representative capacity as a shareholder's derivative suit. The court (Berger, J.) granted the Motion to Strike on May 19, 1994, holding that the plaintiff's claims as alleged were individual claims and to the extent that his claims might be successful, such success would be to the detriment of the corporation, and thus, to the detriment of the remaining shareholders. Consequently, the court agreed that plaintiff had no standing to bring a shareholder's derivative action.
Subsequent to the court's decision on the Motion to Strike, the plaintiff filed an amended complaint, dated June 2, 1994. This complaint is brought against PCT Corporation and the individual defendants, Ronald Jarvis, Edward Dowling, and Donald Nigro. There are four counts against all four of the defendants, collectively: breach of fiduciary duty, fraud, breach of contract, and negligence.
On November 28, 1994, two of the individual defendants, Edward Dowling and Donald Nigro, filed a Motion to Dismiss all four counts of the amended complaint as those counts applied to them. These individual defendants claim that the plaintiff has no standing to maintain an action against them as individuals. The plaintiff filed an objection to the motion and a legal memorandum, dated December 14, 1994. The court heard oral argument on the motion and objection to the motion on December 19, 1994. CT Page 815
II. Discussion
Defendants Dowling and Nigro argue that the plaintiff can not sue them individually for his claims of breach of fiduciary duty as he has not alleged that they owed him a fiduciary duty. Defendants claim that if there is any duty owed to the plaintiff, it comes from the corporation; plaintiff can protect himself by having a new representative plaintiff named to bring a shareholder derivative suit.
This court agrees that plaintiff cannot sue in any representative capacity; that issue was previously determined by Judge Berger in his ruling on the defendant Jarvis' Motion to Strike. Whether or not plaintiff can sue these two individual defendants individually depends on the existence of some duty running from the defendants to the plaintiff. These individual defendants claim no such duty exists; the plaintiff claims it does.
To support the defendants' position that no such duty exists and thus, the plaintiff has no standing as to them, the defendants claim that the claims plaintiff asserts are the corporation's claims, not his. They cite the case of Victor Christ-Janer v. A. F. Conteand Company, Inc., 8 Conn. App. 83 (1986). The Victor Christ-Janer
case is really inapposite to defendants' position. While that case holds that the plaintiff as an individual had no standing to sue the corporate defendant, the court reached that decision based on the fact that it was not the plaintiff as an individual who had entered into contracts and other agreements with the defendant. It was a corporate entity, set up by the plaintiff, that had entered into these contracts and other agreements with the defendant. Consequently, the plaintiff, VictorChrist-Janer, was not the proper plaintiff. Rather, the signatory to the agreements, Victor Christ-Janer, Inc., was the proper plaintiff.
Defendants Dowling and Nigro also cite two federal cases to support their position: Rand v. Anaconda-Ericsson, Inc.,794 F.2d 843 (1986) and Warren v. Manufacturers National Bank ofDetroit, 759 F.2d 542 (6th Cir. 1985). Rand was also a shareholder's derivative suit which involved a number of claims made by the plaintiff shareholders against the defendant, including securities fraud, a violation of the Williams Act, a violation of the Sherman Act, and a RICO violation. The court held that the plaintiff, as to the Sherman Act specifically, did not have standing CT Page 816 as he was an individual stockholder and creditor. However, this portion of the Rand decision turned on the plaintiff's claim as it related to the antitrust laws. His claim was brought in antitrust, alleging that his stock was rendered worthless because of the defendant's antitrust violation which drove the corporation into bankruptcy. The court held that only the bankruptcy trustee could assert those claims, and the plaintiff had no standing to do so. See Loeb v. Eastman Kodak Co., 183 F. 704, 706-707 (1910).
In Warren the court also held that the plaintiff, a creditor, sole shareholder, and chairman of the board, could not sue the defendant. However, this case turned on RICO and the language of Section 18 U.S.C. § 1964. In Warren the court determined that the language in that subsection, referring to "any person", was not intended to include the plaintiff. The court determined that any injury the plaintiff suffered in his capacity as a shareholder was one actually sustained by the corporation and any personal injury to him was "merely incidental to the corporation's injury". The court specifically held ". . . where a corporation is defrauded bringing about ultimate bankruptcy, a cause of action exists on the part of the corporation against the wrongdoer."
While both Warren and Rand state language which ostensibly supports the defendants' position, their holdings are very specific and deal with the plaintiff's lack of standing as relates to the RICO and the antitrust laws respectively. In the instant case the plaintiff has not brought his complaint based on either RICO or antitrust claims.
Plaintiff claims that he has been injured by these individual defendants and consequently, he claims recourse against them based on his claim of a breach of fiduciary duty, running from these individual defendants to him. Contrary to the defendants' argument, the plaintiff did allege that the defendants owed him such a duty. Count one, Paragraph 16 of plaintiff's complaint states: "Defendants, Nigro and Dowling (sic) also intentionally failed to carry out the sale of PCT Corporation to Triumph Corporation. The failure of the defendants to carry out the sale was a breach of their fiduciary duties to the plaintiff." The issue however, turns not only on whether plaintiff alleged such a duty but also on whether such a legal duty exists.
Plaintiff claims the duty exists and cites in support of his claim the case of Pearlman v. Feldman, 219 F.2d 173 (2d Cir. CT Page 817 1955). Pearlman was a shareholder's derivative action about the sale of stock. The trial court held and was affirmed on appeal that the defendant as a director and dominant shareholder stood in a fiduciary relationship to the corporation and to its minority shareholders. While this language supports plaintiff's argument that these individual defendants owed him a similar duty, Pearlman's language arises from a shareholder's derivative suit, which is not this plaintiff's cause of action nor can it be based on the court's (Berger, J.) prior ruling.
Plaintiff's only other support is dicta which he cites from a California case.
Neither party has given this court appropriate authority which is on point with the instant case. There does not appear to be, however, any authority to support plaintiff's position that he as an individual can sue these individual defendants for damage they allegedly caused to the corporation which then resulted in damage to him. Early case law supports the defendants' position. An individual stockholder can not maintain an action at law against the directors of a corporation for mismanaging its affairs or defrauding the corporation. Such directors are the agents of the corporation and liable only to it, their principal for their acts.Allen v. Curtis, 26 Conn. 456 (1857). The court concurs with the defendants when they state that the plaintiff could have a new representative plaintiff named for purposes of a shareholder's derivative suit.
III. Conclusion
Based on the above analysis, the court grants the individual defendants', Dowling and Nigro, Motion to Dismiss.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 825