[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: REARGUMENT OF MOTION TO ADD ADDITIONAL PLAINTIFF AND AMEND COMPLAINT
The plaintiff in this case seeks underinsurance benefits from Allstate Insurance Company and Worcester Insurance Company. The plaintiff sought to add her husband, Mr. Hunter, as a plaintiff and sought to allow him to assert a claim for loss of consortium against each defendant.
"The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court. . . ." (Citations omitted) Washington Trust Company v. Smith, 241 Conn. 734, 699 A.2d 73
(1997); Lettieri v. American Savings Bank, 182 Conn. 1,437 A.2d 822 (1980); Christ-Janer v. A.F. Conte Co., 8 Conn. App. 83,90, 511 A.2d 1017 (1986); Shorehaven Dodge Inc. v. Costa,7 Conn. App. 613, 615, 509, A.2d 1082 (1986); Poly-Pak Corp. of America v. Barrett, 1 Conn. App. 99, 102, 468 A.2d 1260 (1983).[1] Such determinations will not be disturbed on appeal unless the court finds that the trial court clearly abused its discretion. Fuller v. Planning Zoning Commission, 21 Conn. App. 340, 573 A.2d 1222
CT Page 2778 (1990); Sturman v. Socha, 191 Conn. 1, 7, 463 A.2d 527 (1983)
In the present case the court denied the plaintiffs motion because Mr. Hunter was not an intervener of right. "An applicant for intervention has a right to intervene . . . where the applicant's interest is of such a direct and immediate character that the applicant will either gain or lose by the direct legal operation and effect of the judgment." Washington Trust Company v. Smith, supra, 241 Conn. 740. Such intervention rights must be established by the intervener through his pleadings. "A proposed intervener must allege sufficient facts, through the submitted motion and pleadings, if any, in order to make a showing of his or her right to intervene. The inquiry is whether the claims contained in the motion, if true, establish that the proposed intervener has a direct and immediate interest that will be affected by the judgment." Id., 747.
The pleadings in this case did not establish a "direct and immediate interest," as the plaintiff merely stated that her husband would be "adversely affected" if not permitted to intervene. (Plaintiff's Memorandum of Law, dated Sept. 24, 1998, p. 2.) It was unnecessary for Mr. Hunter to join as a plaintiff seeking underinsurance benefits because as the plaintiff's husband Mr. Hunter would likely share the benefits recovered. Thus, his interests would be protected.
Further, Mr. Hunter may assert a loss of consortium claim in a separate action even though it is derivative of his spouse's claim. Champagne v. Rayestos-Manhattan, Inc., 212 Conn. 509, 563,562 A.2d 1100 (1989); Treimann v. Duncan, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 573401 (Jul. 14, 1998, Mulcahy, J.); see also Parker v. Shaker Real Estate, Inc., 47 Conn. App. 489, 496, 705 A.2d 210 (1998).
Mr. Hunter did not have such a direct and immediate interest in the judgment as to qualify him as an intervener of right. Accordingly, the plaintiffs motion is denied.
By the court,
GILL, J.