JULIA M. FULLER *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF NEW HARTFORD
(7670)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued October 31, 1989—decision released May 1, 1990

*Douglas W. McCallum,* for the appellant (plaintiff Peter C. Kores).

*Maureen E. Donahue,* with whom, on the brief, was *John W. Pickard,* for the appellee (defendant).

FOTI, J. The plaintiff, Peter C. Kores, appeals from the judgment of the trial court dismissing his appeal for lack of aggrievement. He claims that the court erred in finding that he was not a statutorily aggrieved party and hence could not pursue a zoning appeal.

The New Hartford planning and zoning commission granted a special exception for the operation of a consulting business in a rented residence located at the corner of West Hill and Burwell Roads in New Hart-

ford, and owned by Susan E. Manizza.[1] The original plaintiff, Julia M. Fuller, owned a residence on Burwell Road across the street from the subject property. Fuller, relying on General Statutes § 8-8,[2] alleged that she was statutorily aggrieved by the commission's decision because her property either abutted or was within a radius of 100 feet of the property. After commencing this action, Fuller conveyed all of her property on Burwell Road to Peter C. Kores, who was later substituted as a party plaintiff.[3] The defendant claims that the trial court erred in granting the plaintiff's motion to substitute Kores as plaintiff.

The trial court, after holding an evidentiary hearing to determine whether Kores was statutorily aggrieved by the decision of the commission, concluded that the evidence presented was insufficient to establish statutory aggrievement under the provisions of General Statutes § 8-8.

A trial court's finding that a plaintiff is not aggrieved by a commission's action will not be disturbed on appeal unless the subordinate facts found do not support that finding. *Walls* v. *Planning & Zoning Commission,* 176 Conn. 475, 476, 408 A.2d 252 (1979). No person is

---

[1] The application for a special exception was signed by the renter and applicant, Michael S. Kline, as well as by the owner, Susan E. Manizza. Kline is a member of the defendant commission, but he did not participate in the hearing on the special exception.

[2] General Statutes § 8-8 provides in pertinent part: "(a) Any person or persons severally or jointly aggrieved by any decision of said board, or any person owning land which abuts or is within a radius of one hundred feet of any portion of the land involved in any decision of said board . . . may . . . take an appeal to the superior court . . . . ."

[3] As a result of the conveyance, Fuller lost her right to appeal. "Although a party may have had an appealable interest in a controversy, if, after judgment, his interest is either conveyed or transferred absolutely . . . his right to appeal is lost, since he no longer has any interest in the litigation and is not injured by the result of the action." *Southbury* v. *American Builders, Inc.,* 162 Conn. 633, 634, 295 A.2d 566 (1972).

entitled to set the mechanics of a zoning appeal in motion except to redress an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 495, 400 A.2d 726 (1978). "[T]he plaintiffs were required to plead and prove some injury in accordance with our rule on aggrievement." Id. Unless the plaintiff alleges and proves aggrievement, his case must be dismissed. *Smith* v. *Planning & Zoning Board,* 203 Conn. 317, 321, 524 A.2d 1128 (1987). Aggrievement presents a question of fact for the trial court. *Bakelaar* v. *West Haven,* 193 Conn. 59, 65, 475 A.2d 283 (1984).

The plaintiff asserts that he is a statutorily aggrieved party because the evidence presented to the court was sufficient to establish that his property is either within the required 100 feet of the Manizza property, or that it abuts that property. We agree.

The evidence presented to the trial court consisted of the testimony of Kores and documentary evidence. The documents presented included two deeds,[4] two assessment records and an assessor's map that was not drawn to scale. Collectively this evidence clearly establishes that Kores is the owner of property located on the north side of Burwell Road, that he purchased this parcel from Fuller, and that the Kores property is located directly across the street from the Manizza property.

In reviewing Kores' claim that the properties in question are within 100 feet of each other, we note that although Kores could not testify with absolute certainty as to the exact width of Burwell Road, his testimony that the road is fifty feet wide is based upon his experience as a developer who deals with engineering

---

[4] Both the Kores deed and the Manizza deed describe the property conveyed to each as bound by Burwell Road.

reports, plot plans and other such pertinent material. The record is, therefore, not devoid of any competent evidence affirmatively showing that the plaintiff's land was within a radius of 100 feet of the Manizza property. Our Supreme Court has concluded "that the legislature presumed as a matter of common knowledge that persons owning property within close proximity to a projected zoning action would be sufficiently affected by the decision of a zoning agency to be entitled to appeal that decision to court. Giving such a right to the narrow class of abutters and those owning property within 100 feet of the land involved would not unduly enlarge the class of those entitled to appeal such a decision." *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 669, 560 A.2d 975 (1989).[5]

We do not seek to usurp the trial court's function as factfinder; *Bakelaar* v. *West Haven,* supra; nor do we indicate that aggrievement may be proven by facts based on generalizations; see *Walls* v. *Planning & Zoning Commission,* supra. It is well established that an appellate court will not retry the facts. Our review is to determine whether the judgment of the trial court was clearly erroneous or contrary to the law. *Golfin* v. *Plymouth Industrial Redevelopment Corporation of Connecticut, Inc.,* 15 Conn. App. 804, 805, 543 A.2d 287 (1988). In the present case, the plaintiff, relying upon statutory aggrievement, sustained the burden of proving the fact of aggrievement. The testimony and evidence presented indicate that Burwell Road is not a multilane divided superhighway, but rather an undivided two lane road approximately twenty feet of

[5] In *Caltabiano,* our Supreme Court noted that the trial court found that "the property of [the one alleging aggrievement] was 'across the street from the Phillips property,' " and treated this finding, as did the parties, "as an implicit finding that [his] property was 'within a radius of one hundred feet' of Phillips' property." *Caltabiano* v. *Planning & Zoning Commission,* 211 Conn. 662, 664–65, 560 A.2d 975 (1989).

which is paved, with no wide shoulders separating the properties from the road.

Since we conclude that the plaintiff established statutory aggrievement by showing that his property was within a radius of 100 feet of the Manizza property, it is unnecessary to review his claim that he also established statutory aggrievement by proof that the properties abutted at the center of Burwell Road by employing a presumption that the owner of property owns to the center of the highway.[6]

The defendant claims that the trial court erred in granting the plaintiff's motion to be substituted as plaintiff. It questions whether aggrievement can be transferred along with title of land, and asserts that the plaintiff was not aggrieved when this appeal was commenced, and that he had no interest in the property until June, 1987. To support that claim, the defendant argues that the plaintiff should not succeed to the interest in the appeal, as he purchased the property with knowledge of the claim's pendency. If Fuller was aggrieved, he further argues, she lost the right to continue the appeal when she transferred the property, and since she could not transfer aggrievement to Kores, the appeal is moot. We do not agree.

---

[6] There is a line of cases beginning with *Peck* v. *Smith,* 1 Conn. 103 (1814), and continuing to *Luf* v. *Southbury,* 188 Conn. 336, 449 A.2d 1001 (1982), holding that when a municipality takes land to create a highway, the acquiring entity receives no interest in the fee. The presumption is that when the municipality acquires land from landowners whose property abuts the highway they retain ownership of the soil to the middle of the highway. Cf. *Ventres* v. *Farmington,* 192 Conn. 663, 668–69 n.3, 473 A.2d 1216 (1984). The original owner of the property owns only that portion of the highway that was taken from him. "The soil of a highway descends to [his] heirs and passes to [his] grantees as an appurtenant to the land adjoining, and whenever the highway is discontinued, the adjoining proprietors hold the land discharged of the easement." *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 356, 114 A.2d 216 (1955); see *Benham* v. *Potter,* 52 Conn. 248, 252 (1884); *Ruggiero* v. *East Hartford,* 2 Conn. App. 89, 97, 477 A.2d 668 (1984).

The court allowed the evidentiary hearing on aggrievement, and later granted Kores' motion to substitute himself as plaintiff in its articulation filed when it dismissed the appeal.

Practice Book § 103 provides that a motion to cite in or admit new parties must comply with § 196 and state briefly the grounds upon which it is made. "The decision whether to grant a motion for the addition or substitution of a party to legal proceedings rests in the sound discretion of the trial court. . . . In reviewing the trial court's exercise of that discretion, every reasonable presumption should be indulged in favor of its correctness . . . and only if its action discloses a clear abuse of discretion is our interference warranted." (Citations omitted.) *Poly-Pak Corporation of America* v. *Barrett,* 1 Conn. App. 99, 102, 468 A.2d 1260 (1983). We conclude that the trial court was well within its discretionary bounds in granting Kores' motion to be substituted as plaintiff. See *Lettieri* v. *American Savings Bank,* 182 Conn. 1, 13, 437 A.2d 822 (1980).

The defendant's argument, however, goes beyond merely questioning whether the court abused its discretion by granting the motion. It argues that as a matter of law, Kores lacked the capacity to be substituted as plaintiff. Lack of capacity to maintain an action must be raised by way of special defense and in a timely manner or will be deemed to be waived. See *Boxed Beef Distributors, Inc.* v. *Rexton, Inc.,* 7 Conn. App. 555, 558, 509 A.2d 1060 (1986); *Second Exeter Corporation* v. *Epstein,* 5 Conn. App. 427, 428–29, 499 A.2d 429 (1985). There was no special defense filed in this case.

Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. *Christ-Janer* v. *A.F. Conte & Co.,* 8 Conn. App. 83, 90, 511 A.2d 1017 (1986). In this case, Kores did not lack standing as he had a real interest

in the cause of the action as a statutorily aggrieved person. Any challenge to his capacity to be substituted as a plaintiff was waived by the defendant.

There is error, the judgment dismissing the plaintiff's appeal is set aside and the case is remanded for further proceedings.

In this opinion the other judges concurred.