[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM IN RE: MOTION TO DISMISS #102 CT Page 11112
In order to take advantage of a statutory right to appeal from a decision of an administrative agency there must be strict compliance with the statutory provisions which created that right. Simko v. Zoning Board of Appeal, 206 Conn. 374, 37, 538 A.2d 202 (1988). These provisions are mandatory and jurisdictional; failure to comply subjects the appeal to dismissal. Id.
On August 10, 1992, the defendant filed a motion to dismiss plaintiff's appeal for lack of subject matter jurisdiction. "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218, Conn. 531, 545,590 A.2d 914 (1991(. The motion to dismiss admits all well pleaded facts and the complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State of Connecticut, 190 Conn. 212,217, 459 A.2d 1031 (1983).
The defendant alleges that the plaintiff has failed to allege "aggrievement" and the court hereby lacks subject matter jurisdiction over the plaintiff's appeal.
The plaintiff argues that the defendant's claim is more appropriate as a motion to strike the complaint, because the defendant is testing the sufficiency of the complaint, and not as a motion to dismiss. If a motion to strike was granted, the plaintiff argues that according to Practice Book 157 a substitute pleading could then be filed. plaintiff next argues that he has alleged sufficient facts to apprise the defendant of his aggrievement because he had plead that he is the owner of the property subject to the zoning change and has included the previous complaint which was based on the same zoning change which sufficiently alleged aggrievement. Lastly the plaintiff argues that the statute does not require the appeal complaint to contain an allegation pertaining to aggrievement. Plaintiff argues that aggrievement is a question of fact for the court to determine.
There is no right to bring as administrative appeal except by statute. Charles Holdings, Ltd. v. Planning and Zoning Board of Appeal,208 Conn. 476, 479, 544 A.2d 633 (1988). Aggrievement is a jurisdictional question and a prerequisite to maintaining an appeal. Winchester Woods Associates v. Commission, 219 Conn. 303, 307, 592 A.2d 953 (1991). "The question of aggrievement is essentially one of standing. Without pleading and proving aggrievement, the plaintiffs lack standing to challenge the board's decision." (Citations omitted.) DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369, 373, 573 A.2d 1222 (1991). "Unless the plaintiff CT Page 11113 alleges and proves aggrievement, his case must be dismissed." Fuller v. Planning Zoning Commission, 21 Conn. App. 340, 343, 573 A.2d 1222 (1990).
"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest. . . has been affected." Hall v. Planning Commission, 181 Conn. 442, 445,435 A.2d 975 (1980), quoting O'Leary v. McGuiness, 140 Conn. 80, 83,98 A.2d 660 (1953). There are two tests to determine aggrievement. The first is statutory.
 In the case of a decision by a zoning commission, combined planning and zoning commission or zoning board of appeals, "aggrieved person" includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board.
C.G.S. 8-8(a). The second test is referred to as the "classical" test.
 First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.
(Citation omitted.) Winchester Woods Associates, supra, 307, quoting Connecticut Business Industry Association, Inc. v. Commission on Hospitals Health Care, 214 Conn. 726, 730, 57 A.2d 736 (1990). "An owner of the subject property is aggrieved and entitled to bring an appeal." Zanders v. Board of Zoning Appeals, City of New Haven, 7 CTLR 90 (July 14, 1992, Fracasse, J.)
The defendant does not allege that the plaintiff as owner of the property is not an aggrieved person, only that the plaintiff has failed to allege that he is "aggrieved" in his complaint. The plaintiff has failed to use the specific words that he is "aggrieved" by the board's decision in his complaint. The plaintiff has attached to his complaint the previous complaint in which he was successful in preventing the defendant from changing the zoning of the plaintiff's property from CB-40 to CA-40. The previous complaint stated in paragraph 13, "the plaintiff is aggrieved by the decision of the PZC in rezoning Plaintiff's tract. Plaintiff is also statutorily aggrieved within the meaning of C.G.A. 8-8(a)." Plaintiff incorporates this previous complaint in paragraph 8 of the present CT Page 11114 complaint. "On July 1, 1987, the plaintiff appealed this action of the said commission amending and modifying the Zoning Regulation, and a copy of plaintiff's third amended appeal is incorporated herein as Exhibit "A", bearing docket #87-0081120." Paragraph 12 of plaintiff's complaint dated May 29, 1992, alleges that:
 The PZC amendment to the Amendment of Subject Zoning Regulation, is arbitrary, capricious, illegal and an abuse of discretion vested in that PZC amendment of CA-40, ignoring the force and affect of the judgment of the Court entered on December 9, 1991.
The plaintiff's failure to specifically state that he is "aggrieved" is not fatal to his claim. The plaintiff has incorporated his previous complaint which was based on the same zoning change, that specifically states that plaintiff is aggrieved by this action. The action taken by the defendant is the same in both appeals; the re-zoning of plaintiff's property from CB-40 to CA-40.
The plaintiff's complaint has sufficiently alleged "aggrievement" as to the defendant's decision. The defendant's motion to dismiss is denied.