[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS NO. 110 AND NO. 114
The plaintiff, calling itself the Third Taxing District of the City of Norwalk, is a group of electors of the Third Taxing District of the City of Norwalk. (The plaintiff-electors will be referred to as "the plaintiff" so that they will not be confused with the entity known as the Third Taxing District of the City of Norwalk, and because the defendants contend that the plaintiff has no right to sue in the name of the Third Taxing District.)
The Third Taxing District of the City of Norwalk ("TTD") is a quasi-municipal corporation whose primary function is the operation of a public electrical utility plant. The defendants in this action are Michael Lyons, Chairman of the District C CT Page 409 Republican Committee and appointed counsel for the TTD; William Lyons, Jr., a retired commissioner and general manager of the TTD, who is currently receiving a pension from the TTD; and Angelo Santella and James Cunningham, both of whom are commissioners of the TTD. (The plaintiff also names Lorna Church, a commissioner of the TTD, as a "nominal (party.")
The plaintiff filed a five count complaint on March 10, 1992, seeking, inter alia, a declaratory judgment requiring the defendants to implement certain resolutions which were passed at previous TTD meetings, and money damages for the defendants' alleged ultra vires actions. The following factual allegations have been culled from the plaintiff's amended complaint, filed on August 19, 1992, and from affidavits filed by the defendants in support of their motion to dismiss.
In October 1991, the plaintiff (consisting of a group of electors who refer to themselves as the "Electors Committee"), presented a petition to the Board of Commissioners of the TTD. The petition called for the convening of a special meeting of electors for the purpose of implementing changes and reforms in the management of the TTD. A special meeting was held on November 25, 1991, at which the plaintiff adopted eighteen resolutions concerning the management of the TTD and its electrical utility. The defendants subsequently refused to adopt a number of the plaintiff's resolutions on the grounds that the plaintiff did not have the authority to adopt such resolutions. Then, on January 8, 1992, the plaintiff held a meeting and decided to hire independent counsel in order to institute a suit against the defendants on behalf of the TTD.
On August 13, 1992, defendants Santella and Cunningham filed a motion to dismiss (#110) for lack of subject matter jurisdiction on the grounds that the plaintiff lacks standing to sue, along with a supporting memorandum and the affidavits of Victor Tenore and James Cunningham. On August 17, 1992, defendants Michael Lyons and William Lyons, Jr. Filed a motion to dismiss (#114) for lack of subject matter jurisdiction. (This motion adopts the memorandum of law and affidavits submitted in support of motion to dismiss #110). The plaintiff filed an objection to the motions to dismiss, along with a memorandum of law, on August 19, 1992. Then, On October 23, 1992, the plaintiff filed a supplemental brief addressing the issue of the plaintiff's standing to sue. CT Page 410
A motion to dismiss properly contests the trial court's jurisdiction, "asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). Subject matter jurisdiction is a question of law and cannot be waived or conferred, and whenever a court discovers that it is lacking, the court is bound to dismiss the case "without regard to previous rulings." Cahill v. Board of Education, 198 Conn. 229, 238, 502 A.2d 410 (1985). Standing concerns the legal right of the plaintiff to set the machinery of the court in operation and goes to the court's subject matter jurisdiction." Stroiney v. Crescent Lake Tax District,205 Conn. 290, 294, 533 A.2d 208 (1987). "One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Citations omitted.) Nationwide Mutual Insurance Co. v. Pasion, 219 Conn. 764,768, 594 A.2d 468 (1991). "Standing is not a matter of constitutional law in Connecticut, but is rather a rule of judicial administration based upon the principle that the appropriate parties to litigate a dispute are those who are injured or about to be injured." (Citation omitted). Manchester Environmental Coalition v. Stockton, 184 Conn. 51,65, 441 A.2d 68 (1981).
In support of their motion to dismiss, the defendants contend that, as commissioners, they are charged by law with the responsibility for bringing actions on behalf of the TTD. The defendants also argue that no basis for the present action exists because, while electors may under some circumstances bring a taxpayer's action against a municipality, the electors have no right to sue in the name of the municipality, and voters who are dissatisfied with the result of the municipality's political process have no right to invoke the court's jurisdiction in order to compel change in the municipality's operation and political organization.
In response, the plaintiff argues that the Code of the City of Norwalk ("the Code") is not clear with respect to the question of who may conduct litigation on behalf of the TTD. The plaintiff contends that the Code provides that the electors "shall be capable of suing and being sued" in the name of the "Third Taxing District," and this empowers the electors, in the name of the TTD, to sue the Board of Directors of the TTD for CT Page 411 their ultra vires acts.
Section 1-114 of the Code provides in pertinent part that:
 All the electors of this state dwelling within the territorial limits of the Third Taxing District as hereinbefore established are hereby constituted a body politic and corporate by the name of the Third Taxing District of the City of Norwalk and by that name shall be capable of suing and being sued, pleading and being impleaded, purchasing, holding, selling, and conveying any property . . . and as such corporation shall succeed to and possess . . . all the rights, powers, franchises, privileges, and immunities heretofore granted to said East Norwalk Fire District in relation to the construction of electric light works, and the generation and purchase of electricity for the use of said district. . . . .
(Emphasis added.)
"A municipality has only those powers that have been expressly granted to it by the state or that are necessary for it to discharge its duties and to carry out its objects and purposes." (Citations omitted.) Wright v. Woodridge Lake Sewer District, 218 Conn. 144, 148, 588 A.2d 176 (1991). "This principle applies with equal force to quasi-municipal corporations." Stroiney v. Crescent Lake Taxing District, supra, 294[1] Section 1-114 of the Code is a general statement of the TTD's power as a quasi-municipal corporation (as "a body politic and corporate"). These powers are analogous to the general powers given by statutes to a private corporation[2] or a municipality,[3] or an authority.[4]
Thus, pursuant to 1-114 of the Code, a quasi-municipal corporation such as the TTD can be sued as a defendant, or can bring suit as a plaintiff. See e.g. Windham First Taxing District v. Town of Windham, 208 Conn. 543, 546, A.2d 226 (1988) (plaintiff, a separate taxing district within the defendant Town, sought a declaratory judgment to determine the validity of the Town's taxation of the district's residents.) However, the broad statement of the TTD's powers contained in 1-114 does not CT Page 412 give the individual residents the standing to sue the district's commissioners.
In the present case, the plaintiff (comprised of a group of residents or electors of the district) is bringing suit against the TTD's commissioners in order to make them implement certain resolutions and to recover money damages for the commissioners' allegedly ultra vires actions. By seeking relief from the commissioners' "ultra vires" actions, the plaintiff is actually seeking relief from the commissioners' allegedly illegal and unauthorized acts. Further the plaintiff electors are essentially taxpayers of the TTD.[5] Because the present action is brought "for the purpose of seeking relief from illegal or unauthorized acts of public bodies or public officials [whose acts are allegedly] injurious to the taxpayers' common interests;" 74 Am.Jur.2d, Taxpayers' Actions 1; the plaintiff is attempting to bring what is essentially a taxpayers' action.[6]
The conditions for maintaining a taxpayers' action are as follows: (1) the plaintiff must he a taxpayer of the defendant municipal entity; and (2) the plaintiff must allege and demonstrate that the allegedly improper municipal conduct causes him to suffer "some pecuniary or other great injury." (Citations omitted.) Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 549, 427 A.2d 822 (1980). Thus, a taxpayers' action "is a means of satisfying the jurisdictional requirements that the plaintiff must have standing to sue." 74 Am.Jur.2d, supra, 1, citing Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). "Absent the existence of another special legal relationship . . . this court has not recognized the capacity of an individual . . . [who] has not alleged taxpayers' status to maintain an action challenging the propriety of the conduct of a municipal corporation." Alarm Applications Co. v. Simsbury, supra, 548.
In the present case, the plaintiff does not allege taxpayer status (or some other special legal relationship). Instead, the plaintiff attempts to sue the defendants based on the general powers granted to the TTD by 1-114 of the Code. Thus, the plaintiff has not established proper standing to bring an action which seeks redress for the pecuniary injuries suffered by the TTD as a result of the TTD's commissioners' allegedly illegal conduct.
"Where a party is found to lack standing, the court is CT Page 413 consequently without subject matter jurisdiction to determine the cause." Fuller v. Planning Zoning Commission, 21 Conn. App. 340,346, 573 A.2d 1222 (1990).
The court finds that the plaintiff has not established its standing to sue and thus the court lacks subject matter jurisdiction to hear the plaintiff's claim. The defendants' motions to dismiss pursuant to Practice Book 143(1) are granted.
BALLEN, JUDGE