[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal brought by the plaintiff, Frank Vinci, challenging the Town of Southington Zoning Board of Appeals' ("ZBA") decision to grant the defendant David Chevrolet two variances from the town's zoning regulations. These variances relate to sign requirements and limitations. The ZBA granted the defendant the requested variances under its authority pursuant to General Statutes § 8-6 and Southington Zoning Regulations § 15-04.
The defendant David Chevrolet submitted an application for the variances to the ZBA on May 27, 1993. (ROR, Item 1: Application.) Specifically, the application requested a 23 foot height variance and a 226.25 square foot area variance to construct a single sign at the northerly end of the property at 500 Queen Street in Southington. The total height of the proposed sign was to be 47 feet. The height of the subject property from grade level to the level of Interstate 84 is 35 feet. (ROR, Item 1.) The defendant represented that the sign was designed solely to advertise the car dealership and the variance was requested to enable the sign to be visible to traffic on Interstate 84, which abuts the property. The height requested was allegedly the minimum height which would accomplish this goal. (ROR, Item 1; ROR, Item 11: Transcript, p. 3, 6.)
On August 24, 1993, a Public Hearing Meeting of the ZBA was held during which the defendant's appeal was heard. (ROR, Item 11.) David Chevrolet represented that the requested variance was necessitated by current economic conditions and because the property has a uniquely shaped lot with a steep embankment which effects the visibility of signs. (ROR, Item 11; ROR, Item 12: Plot Plan; ROR, Item 13: Photograph.) On September 24, 1993, the ZBA granted the defendant's requested variances, citing the unusual topography of the parcel. (ROR, Item 15: Minutes; ROR, Item 16: Public Notice.) CT Page 9132
The plaintiff claims that he is aggrieved by the decision of the ZBA. (Complaint, par. 8.) Aggrievement is a jurisdictional question. Winchester Woods Associates v. Planningand Zoning Commission, 219 Conn. 303, 307 (1991). "Unless the plaintiff alleges and proves aggrievement, his case must be dismissed. . . . Aggrievement presents a question of fact for the trial court." Fuller v. Planning and Zoning Commission,21 Conn. App. 340, 343 (1990).
General Statutes § 8-8 authorizes an appeal from a zoning board of appeals decision by any "aggrieved person." That statute defines "aggrieved person" as "a person aggrieved by a decision of a board and includes any officer, department, board or bureau of the municipality charged with enforcement of any order, requirement or decision of the board. . . ."[1] In the present case, Vinci claims he is aggrieved by virtue of his status as Southington's Zoning Enforcement Officer ("ZEO"). He claims that he has enforcement authority because once the ZBA grants a variance, he, as ZEO, must sign off on a building permit before construction may commence.
The defendants argue that Vinci is not an aggrieved person as defined by General Statutes § 8-8. They claim that in order to be aggrieved, a person must have enforcement power. The defendants argue that what Vinci does is not "enforcement", but rather that he is a mere rubberstamp after the ZBA has granted a variance. (Emphasis by defendants.) The defendants also argue that if Vinci is deemed to have "enforcement" powers, these powers are invalid because they are unauthorized.[2]
General Statutes § 8-3e directs "[t]he zoning commission [to] provide for the manner in which the zoning regulations shall be enforced." Under the Town of Southington zoning regulations, the Planning and Zoning Commission designates the Town Planner as Zoning Enforcement Officer. The Town Planner is authorized to institute actions to prevent zoning violations. Southington Zoning Regs. § 14.01 (Z.A. #427-A, September 9, 1987.)
Vinci is not the Town Planner for Southington, but he claims his enforcement authority through the Town Planner. Vinci has submitted letters from both the Town Planner and the Building Inspector delegating their respective enforcement powers to Vinci. (Plaintiff's Exhibits B, C.) The defendants argue that any attempted delegation of authority by letter is CT Page 9133 invalid. This court agrees.
A public official "has only such power and authority as have been clearly conferred or necessarily implied in thelegislation (emphasis added) creating his office." Dupuis v.Zoning Board of Appeals of the Town of Groton, supra, 310. § 14.01 of the Southington zoning regulations designates the Town Planner as ZEO. These regulations do not provide that the Town Planner may delegate his authority as ZEO.[3] Nor is there any legislation conferring enforcement power directly to Vinci. In this court's view, the letters delegating authority to Vinci do not amount to legislation. Therefore, any enforcement action taken by Vinci is ultra vires.
Because the plaintiff is not charged with enforcement powers pursuant to General Statutes § 8-8, he is not aggrieved by the decision of the ZBA. Accordingly, this court lacks subject matter jurisdiction over this action, and the appeal is dismissed.
JOSEPH H. GOLDBERG SENIOR JUDGE