[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' MOTION TO DISMISS AND MOTION FOR SANCTIONS
The defendants have filed a motion to dismiss in which they claim that the notice to quit is defective in that 1) it is not issued by the owner, lessor or legal representative or its attorney-at-law or in-fact as required by General Statutes Section 47a-23; and 2) it fails to contain the unit number of the premises, as required by General Statutes Section 47a-23. In addition, defendants Robert Carbone and Ron Winfield claim that there is a prior pending action between the principals in this action, and therefore, this action should be dismissed.
The plaintiff considers the defendants' motion to dismiss as CT Page 11842 frivolous, and seeks sanctions against the defendants' counsel for filing such a motion.
Certainly, the absence of a valid notice to quit vitiates any jurisdiction which the court could have over this summary process action. Lampasona v. Jacobs, 209 Conn. 724, 728, cert. den. 492 U.S. 919 (1989); and a prior pending action would require dismissal or a stay of this proceeding.
The defendants claim further that the plaintiff lacks the representative status to issue the notice to quit, and that therefore, the plaintiff lacks standing to maintain this civil summary process proceeding. Clearly the absence of standing would deprive the court of subject matter jurisdiction. Fuller v. Planning Zoning Commission,21 Conn. App. 340, 346 (1990)
For the reasons set out in its Memorandum of Decision in Owens, Renz Lee Co. v. Carbones Deli (No. SPNH 9408 40290 BA), the Court finds that the plaintiff does not have standing to maintain the present action in its own name inasmuch as it is neither the statutorily authorized agent or owner, nor is it otherwise the real party in interest. Accordingly, this action is dismissed. The dismissal renders a ruling on the remaining ground unnecessary.
Given the ruling of the court on the defendants' motion to dismiss, it is clear that the motion to dismiss is not frivolous. Accordingly, plaintiff's request for sanctions is denied.
Clarance J. Jones, Judge.