[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Gideon Associates, files this appeal from a decision of the defendant agency, Coventry Planning Zoning Commission, denying the plaintiff's application to subdivide two lots pursuant to the subdivision regulations of the Town of Coventry to permit the creation of a single building lot on the fifty-three acres of land located on the westerly side of Hop River Road in Coventry, Connecticut owned by the plaintiff. The Commission acted in accordance with General Statutes § 8-26. The plaintiff files its appeal pursuant to General Statutes §8-8.
The plaintiff applied to the Coventry Planning and Zoning Commission for approval of a subdivision of two lots under the subdivision regulations of the Town of Coventry to permit the creation of a single building lot on land located on the westerly side of Hop River Road in Coventry, Connecticut. On November 14 and 28 and December 12, 1994, the defendant held a public hearing on the plaintiff's application. The defendant denied the plaintiffs application for subdivision and published notice of its decision on December 19, 1994.
The plaintiff argues that in denying its application, the defendant acted illegally, arbitrarily and in abuse of its discretion by: (1) despite the fact that the plaintiff demonstrated that its application complied with all of the applicable requirements set forth in the regulations, the defendant denied its application; (2) the defendant made no finding that the plaintiff's application failed to meet any specific requirement of the defendant's regulations, yet failed to approve the application; (3) the defendant failed to follow the applicable provisions of its own regulations in acting on the plaintiffs application, and; (4) the defendant attempted to impose requirements upon the plaintiff that were not provided in the regulations or were unreasonable and overly burdensome.
The parties appeared before the court on August 22, 1996 to argue the merits of this appeal.
JURISDICTION
Appeals to courts from administrative agencies exist only under statutory authority. Killingly v. Connecticut SitingCouncil, 220 Conn. 516, 521, 600 A.2d 752 (1991). A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions which create it. CT Page 8816Citizens Against Pollution Northwest, Inc. v. Connecticut SitingCouncil, 217 Conn. 143, 152, 584 A.2d 1183 (1991). Failure to comply strictly with the statutory provisions by which a statutory right to appeal is created will subject an appeal to dismissal. Killingly v. Connecticut Siting Council, supra,220 Conn. 522.
A. Aggrievement
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307, 592 A.2d 953
(1991). The question of aggrievement is essentially one of standing. DiBonaventura v. Zoning Board of Appeals, 24 Conn. App. 369,373, 573 A.2d 1222 (1991). Unless the plaintiff alleges and proves aggrievement, the court must dismiss the appeal. Id. "To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community, and the appellant must be specifically and injuriously affected as to property or other legal rights." Smith v. Planning andZoning Board, 203 Conn. 317, 321, 524 A.2d 1128 (1987).
The plaintiff is the owner of record of the property which is the subject of the subdivision application that was denied by the defendants. (Return of Record #30). The plaintiff alleges that the lot met all applicable requirements for subdivision pursuant to the regulations of the Town of Coventry. The plaintiffs property, and the plaintiff itself, are directly affected by the defendant's action. The plaintiff, therefore, is aggrieved by the action of the defendant.
B. Timeliness
In order to take advantage of a statutory right to appeal from a decision of an administrative agency, there must be strict compliance with the statutory provisions which the created the right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). These provisions are mandatory and jurisdictional, failure to comply subjects the appeal to dismissal. Capalbo v. Planning Zoning Board of Appeals,208 Conn. 480, 485, 547 A.2d 528 (1988). Thus, where an appeal is filed after the statutory appeal period has expired, the trial court lacks subject matter jurisdiction over the appeal. Upjohn
CT Page 8817Co. v. Zoning Board of Appeals, 224 Conn. 96, 102, 616 A.2d 793
(1992).
General Statutes § 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal . . . within fifteen days from the date that notice of the decision was published. . . ." Such appeal "shall be commenced by service of process in accordance with [section 8-8]." General Statutes §8-8 (b).
The evidence indicates that legal notice of the defendant's decision was made on December 12, 1994. (ROR # 26). Additionally, mailed notice of the defendant's decision occurred on December 12, 1994. (ROR #27). Notice of the defendant's decision was published on December 19, 1994. (ROR # 26). The plaintiff's appeal was filed with the clerk of the court on January 10, 1995. Service of process in accordance with General Statutes § 8-8
(b) and subsections (e) and (f) occurred on December 30, 1994. Service of process was timely.
STANDARD OF REVIEW
A trial court may grant relief in an appeal from a decision of an administrative authority only where the authority has acted unreasonably, illegally, arbitrarily or has abused its discretion. Smith v. Zoning Board of Appeals, 227 Conn. 71, 80,629 A.2d 1089 (1993). The court, however, "may not substitute its judgment for the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers. . . ." (Internal quotation marks omitted.) Frito-Lay,Inc. v. Planning Zoning Commission, 206 Conn. 554, 572-73,538 A.2d 1039 (1988). The court simply determines whether the record reasonably supports the conclusions reached by the agency.DeBeradinis v. Zoning Commission, 228 Conn. 187, 198,635 A.2d 1220 (1994).
"The burden of proof is on the plaintiff to demonstrate that the board acted improperly." Spero v. Zoning Board of Appeals,217 Conn. 435, 440, 586 A.2d 590 (1991).
In reviewing a subdivision application, the Commission acts in an administrative capacity and not as a legislative, judicial or quasi-judicial agency. Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). The Commission, therefore, "has no discretion or choice but to approve a CT Page 8818 subdivision if it conforms to the regulations adopted for its guidance." Id. "If [the subdivision plan] does not conform as required, the plan may be disapproved." Forest Construction Co.v. Planning Zoning Commission, 155 Conn. 669, 675, 236 A.2d 917
(1967).
DECISION
The plaintiff argues that the defendant's reason for denying its application to subdivide is not supported by the evidence in the record. The error, according to the plaintiff, lies in the defendant commission's reasoning that because the plaintiffs plan did not provide for drainage pipes, curbs and catch basins, the plaintiffs plan was not in conformance with Coventry regulations. On the contrary, the plaintiff contends, the Coventry regulations are not specific with regard to undeveloped roads in the town and that the defendant commission relied on its concern to alleviate potential improvement costs to the taxpayers, and attempted to resolve a dilemma with a policy question not addressed in the town regulations. The plaintiff argues that the defendant's action is analogous to the defendant in Property Group, Inc. v.Planning Zoning Commission, 226 Conn. 684 (1993) and should be overturned. The defendant argues that the plaintiff cannot deny that the fundamental problem with the proposed subdivision was non-compliance with Chapter VI, § 4(q) of the Coventry Subdivision Regulations which require the necessary drainage implements.
The Coventry Subdivision Regulations read in pertinent part: "The following improvements shall be required in all Subdivisions except where waived by a specific resolution of the Commission. Curbs, storm sewers and pavement on proposed streets, as well as curb and pavement between edge of existing pavement and the new curb line on existing streets which bound or intersect the proposed subdivision. The developer shall also be required to install street signs, monuments, driveway aprons, loam and seeding and shade trees. The Commission may require the installation of sidewalks, fire hydrants and street lights. Such improvements shall be in accordance with Town, State highway or utility company standards." Coventry Subdivision Regulations, Chapter VI, § 1(a). "Where any proposed lot or lots has its required frontage on an existing town street, and has an existing ditch or waterway along the front of said lot or lots, but within the town right of way, the developer, at his expense, shall install a storm water pipe drain, of suitable size and material, CT Page 8819 necessary catch basins and a curb, to conform with the curb line." Id., Chapter VI, § 4(q).
In Property Group, Inc. v. Planning Zoning Commission, supra, the court entertained the issue of whether a planning and zoning commission had the authority to require off-site improvements as a condition of a subdivision application.Property Group, Inc. v. Planning Zoning Commission, supra,226 Conn. 686. However, the court reached its decision not on the certified issue, but because "the record does not contain substantial evidence demonstrating that a `reasonable and necessary need for an off-site improvement is necessitated or required by the proposed development application.' Tolland Subdivision Regs. § 166-6(D)." Id., 698. The present case is somewhat analogous but not conclusively similar.
In the present case, the defendant commission denied the plaintiff's application because it did not conform to the subdivision regulations concerning the installation of the necessary drainage devices. The plaintiff, contends, however, that the proposed plan cannot address that part of the regulations because the regulations assume the existence of a finished (ie. paved) town road, and the road in question is a unfinished (ie. dirt) road. The plaintiff contends that to impose the requirement of a drainage system in compliance with the regulation is in reality imposing upon the plaintiff an off-site improvement that was not allowed in Property Group, Inc. v.Planning Zoning Commission, supra. The defendant maintains that regardless of the plaintiffs argument, the proposed subdivision did not conform to the Coventry Subdivision Regulations and therefore, the commission's denial was supported by substantial evidence.
In Property Group, Inc. v. Planning Zoning Commission, supra, the commission decided to defer the costs of trimming trees that were along the frontage of the lot in question by making their maintenance a condition of approval to the subdivision application. Id., 698. The towns regulations only allowed such requirements upon evidence that the off-site improvements were "reasonable and necessary." Id., 687, n. 4. The court reviewed the record and found no discussion evidencing concern that the maintenance of the trees was reasonable and necessary. On the contrary, the court found only discussions that showed the town was concerned with the costs of an action concerning the trees along the road. Id., 703-04. The court CT Page 8820 decided that the commission's finding lacked substantial evidence of support. Id., 704.
In the present case, the defendant commission's finding can be similarly called into question under the logic of PropertyGroup, Inc. v. Planning Zoning Commission, supra. It is undisputed that the plaintiff's proposed subdivision plans did not address drainage as requested by the town's regulations. However, the commission noticed that there was futility in requiring the plaintiff to comply with the drainage requirements since the road bearing the frontage to the proposed subdivision, while a town road, was unpaved and without proper sewers. (ROR # 33, p. 4).
While the defendant asserts that the evidence in the record suggests that the commission's stated reason for the denial of the plaintiff's application was noncompliance with the town's regulations, the evidence demonstrates that the commission had an alternative agenda in its decision. The record reveals that the commission was concerned that it had no regulations regarding a subdivision and drainage requirements on unpaved roads.
The chairman of the commission first addressed this issue during the meeting of November 28, 1994. The chairman conceded that the commission would probably have to approve the plaintiff's application and then develop regulations regarding unpaved town roads and the requisite drainage.[1] Although, the chairman acknowledged that the purpose of the regulations was to defer costs to the applicants as opposed to the town and taxpayers. (ROR # 31, p. 25-6).
The evidence in the record demonstrates that the commission knew that there was a gap in its regulations dealing with unimproved roads.[2] Furthermore, the Commission was informed of the possible problem from a consulting engineer days before the defendant's first hearing on the plaintiffs application. (ROR # 10). The record clearly shows that the defendant commission's concern was not the non-compliance of the plaintiffs plans, but developing a policy on situations where a subdivision application concerned a dirt road as opposed to an existing road. (ROR # 33, p. 33).
The commission denied the plaintiff's application for non-compliance, even though the discussion that prompted the decision concerned the establishment of a policy before approving CT Page 8821 such applications. Id. The commission's actions and statements on their decision clearly suggest that it was this alternative reason rather than their stated reason for denying the plaintiffs application.[3] The commission positively stated that since they don't have a policy regarding drainage requirements on dirt roads, they would deny the plaintiff's application. (ROR # 33, p. 34). Because of its own policy flaw, the commission first denied the plaintiff's request for a waiver from the drainage requirements and then denied the plaintiffs application. (ROR # 33, p. 35-8).
It is without question that the defendant commission denied the plaintiff's subdivision application based on the commission's own lack of regulations regarding the necessary drainage requirements for a dirt road. At the same time, there is substantial evidence in the record to show that the plaintiffs application for subdivision on a dirt road did not conform to the Town of Coventry's Subdivision Regulations concerning paved or existing roads. Therefore, the question remains as to whether the commission can deny an application for non-compliance where there can be no compliance by the applicant. In the alternative, the commission's actions with respect to denying the application in order to give the commission the requisite time to develop a policy must also be reviewed.
"No subdivision of land shall be made until a plan for such subdivision has been approved by the commission. . . . Before exercising the powers granted in this section, the commission shall adopt regulations covering the subdivision of land. No such regulation shall become effective until after a public hearing. . . . Such regulations shall provide that the land to be subdivided shall be of such character that it can be used for building purposes without danger to health or the public safety, that proper provision shall be made for water, drainage and sewerage. . . ." General Statutes § 8-25(a).
"[T]he significant feature of this statute is that, by its terms, the adoption of regulations is made a condition precedent to the exercise by a planning commission of any control over the planning of a subdivision. A planning commission may neither approve or disapprove subdivision plans until after it has adopted regulations to guide it in its approval or disapproval."Beach v. Planning Zoning Commission, 141 Conn. 70, 83-4,103 A.2d 814 (1954). "[I]nasmuch as there was no regulation prohibiting a subdivision . . . for any . . . reasons assigned CT Page 8822 by . . . [a] defendant for its disapproval of . . . [a] plaintiff's subdivision plan, its action in refusing approval . . . [is] illegal." Id., 85. Therefore, the commission is limited to determining whether or not the subdivision application complies with the subdivision regulations. R.B. Kent Son, Inc. v. Planning Zoning Commission, 21 Conn. App. 370,373, 573 A.2d 760 (1990). A commission cannot disapprove a subdivision application for a reason or a standard not contained in its existing regulations. Development Corporation v. City ofNorwalk, 156 Conn. 369, 377, 242 A.2d 781 (1968).
"It is axiomatic that a planning commission, in passing on a [subdivision] application, acts in an administrative capacity and is limited to determining whether the plan complies with the applicable regulations. Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). . . . R.B. Kent Son, Inc.v. Planning Commission, 21 Conn. App. 370, 373, 573 A.2d 760
(1990). The commission is entrusted with the function of interpreting and applying its zoning regulations. Toffolon v.Zoning Board of Appeals, 155 Conn. 558, 560, 236 A.2d 96 (1967);Krawski v. Planning Zoning Commission, 21 Conn. App. 667,670-71, 575 A.2d 1036, cert. denied, 215 Conn. 814, 576 A.2d 543
(1990). The trial court must determine whether the commission has correctly interpreted its regulations and applied them with reasonable discretion to the facts. Pascale v. Board of ZoningAppeals, 150 Conn. 113, 117, 186 A.2d 377 (1962). The plaintiffs have the burden of showing that the commission acted improperly.Adolphson v. Zoning Board of Appeals, 205 Conn. 703, 707,535 A.2d 799 (1988). The trial court can sustain the [plaintiff's] appeal only upon a determination that the decision of the commission was unreasonable, arbitrary or illegal; Schwartz v.Planning Zoning Commission, 208 Conn. 146, 152, 543 A.2d 1339
(1988); McCrann v. Town Planning Zoning Commission, 161 Conn. 65,70-71, 282 A.2d 900 (1971). It must not substitute its judgment for that of the zoning commission and must not disturb decisions of local commissions as long as honest judgment has been reasonably and fairly exercised. Whittaker v. Zoning Boardof Appeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980); Molic v.Zoning Board of Appeals, 18 Conn. App. 159, 164, 556 A.2d 1049
(1989). Baron v. Planning Zoning Commission, 22 Conn. App. 255,257, 576 A.2d 589 (1990)." (Internal quotation marks omitted.)Gorman Construction Co. v. Planning Zoning Commission, 35 Conn. App. 191,195-6, 644 A.2d 964 (1994).
It is undisputed through the record, testimony and briefs, CT Page 8823 that the Town of Coventry Subdivision Regulations do not address the issue of what drainage is required when the proposed subdivision has its frontage along not an existing paved town road, but a dirt road. In addition, it is uncontroverted that the plaintiff's plan was in compliance with the remainder of the town's subdivision regulations. Therefore, fault for a gap in the regulations should not be borne by the plaintiff, but by the commission who first must adopt regulations to act by and then act consistent with them.
The defendant commission argues that Chapter VI, § 4(q) applies to the plaintiff's application. However, the section clearly assumes that the plaintiff can connect the necessary drainage implements to an existing ditch or waterway. There is no evidence in the record of the existence of any ditch or waterway.
"Subdivision regulations cannot be too general in their terms and must contain known and fixed standards that apply to all similar cases. Sonn v. Planning Commission, 172 Conn. 156,159-60, 374 A.2d 159 (1976). A commission's regulations must be reasonably precise in subject matter and reasonably adequate and sufficient to give both the commission and those affected by its decision notice of their rights and obligations. American Power Light Co. v. Securities Exchange Commission, 329 U.S. 90, 105,67 S.Ct. 133, 91 L.Ed. 103 (1946); see Sonn v. PlanningCommission, supra, 159.
"General policy statements gleaned from subdivision regulations regarding compliance with public health and safety regulations do not provide a sufficient basis for rejection of a subdivision permit. TLC Development, Inc. v. Planning ZoningCommission, 215 Conn. 527, 530 n. 2, 577 A.2d 288 (1990)." SowinAssociates v. Planning Zoning Commission, 23 Conn. App. 370,376, 580 A.2d 91 (1990).
Because there is no regulation regarding dirt roads and the necessary drainage, the commission cannot disapprove an application because it concerns a lot off such a road. The commission cannot deny an application when it has no regulation regarding drainage on dirt roads because it has no power to do so. In addition, within the town's subdivision regulation, denial of an application because there is no established policy is not a reason to deny a subdivision application. (ROR # 34).
In Sowin Associates v. Planning Zoning, supra, the CT Page 8824 plaintiff appealed the denial of its subdivision application arguing that the defendant commission used factors outside the existing regulations in its decision. Id., 372-73. The court held that regulations must be reasonably precise in subject matter and a denial of an application cannot rest on a regulation that is not specific enough or a policy consideration. Id., 376. In Smithv. Zoning Board of Appeals, 39 Conn. App. 28, 614 A.2d 464
(1992), reversed on other grounds, 227 Conn. 71, 629 A.2d 1089
(1993), the court found that a commission relying on a reason outside its stated regulations had abused its authority when denying the plaintiff's application.[4] Id., 38-9.
Returning again to Property Group, Inc. v. Planning ZoningCommission, supra, the plaintiff's argument is made. The commission in Property Group, Inc. v. Planning ZoningCommission, supra, had approved the subdivision application subject to conditions. 226 Conn. 684, 686-7. The commission in approving the application concerned itself with the financial expense of maintaining the trees that lined the road adjacent to the proposed subdivision. Id., 698. The court found that removing the trees was an off-site condition. Id., 695. More importantly, however, the court found that there was nothing in the town's subdivision regulation that allowed an off-site improvement to be attached in order to save the town, or its taxpayers, any expense. Id., 700-01.
In Gorman Construction Co. v. Planning Zoning Commission, supra, the court was faced with a commission which conditionally approved a subdivision application. The commission approved an application as long as the lot was serviced by public water because the regulation specified that a subdivision within a specified distance of an existing public water service must so be serviced. Id., 196. The court stated that "the natural and usual meaning of the word `existing' is existing at the present time, having actual being, presently ready to use.'" Id., 197-8. By conditioning approval on the compliance with a regulation that could not be conformed to because the instruments necessary to conform did not exist at the time, the court found that the commission's interpretation and application of its regulation to the plaintiff was unreasonable. Id., 198
Likewise, in the present case, the commission wrestled with the problem created by the lack of any regulations concerning drainage when there was only a dirt road and no existing sewers. To complicate matters, the plaintiff did apply for a waiver of CT Page 8825 the requirement to install drainage implements. However, the plaintiffs request should not be seen, as it was by the defendant commission, as de facto non-compliance.
The plaintiff could not comply with the town's regulations because there were no regulations addressing the drainage concerns of the commission. Without the specific regulations, the commission was powerless to deny the plaintiff application for non-conformity. In addition there is substantial evidence in the record that but for the drainage requirements, the plaintiff complied with the rest of the subdivision regulations.
Therefore, the Court finds the plaintiff has complied with the Town of Coventry's Subdivision Regulations to the best of his ability and to the extent that the current regulations mandate. The commission's denial of the plaintiffs subdivision application is not supported by the record. The substantial evidence in the record indicates that the reason for the commission's denial of the application was not non-compliance but the lack of an existing policy or regulation addressing the gap concerning drainage on undeveloped roads within the regulations. The commission abused its discretion by rendering a decision that was not based on the application of its current regulations but upon the premise of giving me commission time to promulgate new regulations.
Accordingly, the plaintiff's appeal is sustained.
Klaczak, J.