[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, William Urban, has appealed from the Town of Seymour Planning and Zoning Commission's decision on October 12, 1995, to grant Larry's Auto Parts Inc. application for a certificate of approval of location for a motor vehicle junk yard. The purpose of the application was to relocate the junk yard from its present location at 24 Walnut Street Extension to property known as 130 Silvermine Road.
The court will first turn to the jurisdictional issue of aggrievement. "A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent. . . . Ordinarily, a challenge to the court's jurisdiction is raised by the filing of a motion to dismiss. However, [w]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." Jolly, Inc. v.Zoning Board of Appeals, 237 Conn. 184, 192-193, 676 A.2d 831
(1996).
"[P]leading and proof of aggrievement [are] prerequisite[s] to the trial court's jurisdiction over the subject matter of the plaintiff's appeal." Park City Hospital v. Commission onHospitals Health Care, 210 Conn. 697, 702, 556 A.2d 602 (1989). "[A]ggrievement is a jurisdictional question." Winchester WoodsAssociates v. Planning and Zoning Commission, 219 Conn. 303, 307,592 A.2d 953 (1991). "Unless the plaintiff alleges and proves aggrievement, his case must be dismissed. . . . Aggrievement presents a question of fact for the trial court." Fuller v.Planning Zoning Commission, 21 Conn. App. 340, 343,573 A.2d 1222 (1990).
A party may be aggrieved by statute or may be classically aggrieved. "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement." Smith v. Planning Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987). General Statutes § 8-8(1) provides in part that "[A]ggrieved person includes any person CT Page 3129 owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board."
Landowners who are not statutorily aggrieved may be classically aggrieved. Classical aggrievement may be proved by a two-part test. "First, the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision." Walls v. Planning Zoning Commission, 176 Conn. 475,477-78, 408 A.2d 252 (1979).
The plaintiff alleges that the relocation of the motor vehicle junk yard is a threat to the area's natural resources because there is "an important underground water supply (aquifer) utilized by homes in the area for drinking water and other purposes, which will become polluted by the motor vehicle junk yard business, as well as surface water supply . . ." Plaintiff's Appeal, November 1, 1995, Para. 8(g). At trial, the plaintiff testified that he does not own any property that abuts or is within 100 feet of 130 Silvermine Road. Thus, the plaintiff is not statutorily aggrieved.
The plaintiff further testified that he is a certified wetland scientist and he is the Chairman of the Inland/Wetland Commission for the City of Ansonia. However, the plaintiff failed to present any evidence, water tests or studies to substantiate his allegations that his well water would be polluted. The court concludes that the plaintiff's allegations of water pollution can be construed as opinion and that the plaintiff has failed to prove classical aggrievement.
Therefore the court lacks subject matter jurisdiction because of the plaintiff's lack of aggrievement.
The court further finds that even if aggrievement were established, the action of the commission in approving the plaintiff's application was not illegal, arbitrary or in abuse of discretion.
This is an appeal filed by the plaintiff from the decision of CT Page 3130 the Town of Seymour Planning Zoning Commission which was rendered on October 12, 1995 and published October 20, 1995. Section 8-8 C.G.S. The decision of the planning zoning commission was based on an application filed by the co-defendant Larry's Auto Parts, Inc. for a certificate of approval to relocate an existing auto salvage junkyard business from 24 Walnut Street Extension, Seymour, to 130 Silvermine Road, Seymour.
On the date assigned for a public hearing on September 14, 1995, there was not a quorum of commissioners present and no hearing was held. The application was renoticed and republished and a hearing was scheduled for October 12, 1995 and on that date the hearing was held. Both the plaintiff and his attorney were present at the hearing and the attorney for the plaintiff spoke in opposition to the application.
Prior to filing this application, the co-defendant had sought and obtained approval from the Seymour Zoning Board of Appeals for a variance allowing the relocation of the co-defendants motor vehicle junk business. The zoning board of appeals approved the request for a variance and published this decision on August 11, 1995. No timely appeal of that decision was ever made. This court will not consider any of the allegations made by the plaintiff in his complaint relative to the action and decision taken by the Seymour Zoning Board of Appeals.
This court is limiting its review to the actions of the Seymour Planning Zoning Commission. Further, the court is limited in its review to determine whether the Seymour Planning Zoning Commission acted arbitrarily, illegally or in abuse of its discretion.
The application filed by the co-defendant Larry's Auto Parts, Inc. and the hearing held by the planning and zoning commission are governed by Conn. General Stat. §§ 14-67i and 14-67k which require the co-defendant to obtain a certificate of approval from the commission to relocate his motor vehicle junkyard business. The present hearing was properly rescheduled and renoticed with another newspaper publication for October 12, 1995.
The co-defendant is relocating his junkyard business from an R-40 district (residential) to an LI-1 district which is appropriate for junkyards. CT Page 3131
Based on the record and the presentation of Mr. Looker, this court finds that the Board had before it sufficient information to arrive at its decision to approve the application. The Board properly considered the statutory criteria in arriving at its decision. A review of the Board's actions reveal that the Board did not act arbitrarily, nor illegally, nor in abuse of its discretion in approving the application of the co-defendant.
For this reason, as well as for the court's finding of lack of aggrievement on the part of the plaintiff, the appeal is dismissed.
Coppeto, J.