[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a zoning appeal originally commenced by the plaintiff Burlington Commons Partners, LLC ("Burlington Commons"), from a decision of the defendant, Burlington Planning and Zoning Commission ("the Commission"), granting an application for site plan and special use permit filed by the defendant, William Ghio.
On November 12, 1998, Ghio filed an application with the Commission for a special use permit and site pian approval for a one acre parcel of land at the corner of Routes 4 and 69. (Return of Record ("ROR"), Items A and B.) The property is located in the central business zone intended to be the primary retail sales and service areas in the community. (ROR, Item U, p. 1; ROR, Item A.) The proposal called for the construction of a new building, a donut shop, which would have a gross floor area of 3000 square feet of retail space pursuant to the permitted uses of the Burlington zoning regulations; (ROR, Items A, B, and U, pp. 1-4.)
Prior to filing the application, Ghio also filed an application with the Burlington Inland Wetlands and Watercourses Commission on November 6, 1998. After reviewing the report of the town engineer, a report from an independently hired soil scientist, a report from the health district and the plan submitted on December 2, 1998, the Inland Wetlands and Watercourses Commission voted affirmatively that Ghio's proposal did not need a permit before engaging in the proposed activities. (ROR., Item U, pp. 3-4; ROR, Item E.) The decision of the Inland Wetlands Commission was forwarded to the Commission, made a part of the record and considered at the hearing. (ROR, Item U, p. 4; ROR, Item E.)
A public hearing on the application was held on December 2, 1998, at which time the Commission received exhibits from the town engineer James Thompson, (ROR, Item C); F.A. Hesketh, a traffic engineering firm hired by Ghio, (ROR, Item F); a traffic study from D.L.S. Consulting, CT Page 7540 representing Burlingtcn Commons, (ROR, Item H); a letter from the Bristol Burlington Health District dated October 8, 1998, (ROR, Item A); and an independent soil survey dated October 1, 1998 (ROR, Item A).
At this hearing, the Commission heard a presentation from Attorney Timothy Furey; Robert Heilbrand, an engineer representing Ghio; Scott Hesketh, a licensed professional engineer specializing in traffic issues; David L. Spear, a licensed professional engineer representing Burlington Commons; numerous neighbors, and lengthy comments and questions from the Commissioners themselves. (ROR, Item U.)
The Commission continued the public hearing until January 13, 1999, to give Ghio and those with concerns regarding the project an opportunity to provide additional information. (ROR, Item V.) On January 13, 1999, the Commission received further exhibits: (a) an additional report from the town engineer; (b) a table of parking requirements; and (c) an amended traffic study from F.A. Hesketh dated January 7, 1999. (ROR, Items J, K and L.)
The Commission heard a presentation on behalf of Ghio from Attorney Furey, Heilbrand, and Hesketh as to the traffic issues. (ROR, Item V.) Spear, the traffic engineer for Burlington Commons, did not appear at this second hearing or present any written testimony, although it was noted in the record that he had had discussions with the Department of Transportation. (ROR, Item V.) The Commission again heard from several of the neighbors in the area and had lengthy discussions amongst themselves and with Ghio. (ROR, Item V.) The public hearing was closed and the application was continued to January 27, 1999, where the application was approved by a vote of four to one. (ROR, Item Q.)
Burlington Commons appealed the Commission's decision to this court. On or about May 27, 1999, Burlington Commons sold their premises to NJA 
Associates, LLC ("NJA"). On June 10, 1999, NJA filed a motion to substitute itself as a plaintiff in the case, which was granted by the court, McWeeny, J., on July 12, 1999.
The first issue to be addressed is whether NJA is aggrieved for purposes of this appeal. Pleading and proof of aggrievement by a plaintiff are prerequisites to the court's subject matter jurisdiction over an administrative appeal. Bakelaar v. West Haven, 193 Conn. 59, 65
(1984). General Statutes § 8-8 (b) provides that "any person aggrieved by any decision of a board may take an appeal to the superior court." General Statutes § 8-8 (a)(1) defines an "aggrieved person" as "any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." Aggrievement is also open to those meeting the test of "classical CT Page 7541 aggrievement, " the two-fold test of legal interest and injury. NortheastParking v. Planning Zoning Commission, 47 Conn. App. 284, 288 (1997), cert. denied, 243 Conn. 969 (1988).
In the present case, oral argument on the merits of the appeal was scheduled for May 23, 2000. At the hearing, the court specifically continued the case in order for NJA to demonstrate aggrievement by the presentation of evidence. On June 13, 2000, NJA presented the testimony of one of its partners. Nicholas Adimitis, who introduced the deed conveying Burlington Commons's interest in Burlington Commons to NJA. Adimitis also stated that he believed that Burlington Commons was approximately forty-two feet from the subject property where the donut shop was proposed. The town attorney raised the question of whether Burlington Commons fee commenced immediately at the traveled portion of Route 4, or whether the fee was set back some distance. NJA did not present any evidence, such as a survey or map, as to where the State's ownership ended, and if it went beyond the roadway. There is no proof that NJA is within the one hundred feet required by General Statutes § 8-8 (a)(1) nor did NJA present any evidence of "classical aggrievement."
In Fuller v. Planning Zoning Commission, 21 Conn. App. 340 (1990), the Appellate Court found that the proof of one hundred feet was satisfied where a subsequent purchaser, Kores, who was the then plaintiff, introduced two deeds, two assessment records and an assessor's map. This evidence "clearly establishes that Kores is the owner of property . . . that he purchased this parcel from [his seller], and that the Kores property is located directly across the street from the [subject] property." Id., 343.
The Fuller court continued:
 In reviewing Kores' claim that the properties in question are within 100 feet of each other, we note that although Kores could not testify with absolute certainty as to the exact width of Burwell Road, his testimony that the road is fifty feet wide is based upon his experience as a developer who deals with engineering reports, plot plans and other such pertiment material. The record is, therefore, not devoid of any competent evidence affirmatively showing that the plaintiff's land was within a radius of 100 feet of the [subject] property.
Id., 343-44.
Here, it is obvious that the proof offered by NJA does not satisfy that approved in Fuller. The only evidence was an estimate by a partner. When a question was raised as the width of the state highway, the plaintiff CT Page 7542 was not able to supply an answer.
Under these circumstances, the court holds that NJA has failed to prove aggrievement.[1] Because NJA has failed to prove aggrievement, the court is without subject mater jurisdiction to determine the merits of NJA's appeal. Accordingly, the appeal is dismissed.
Henry S. Cohn, Judge